FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 1 4 2015

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LIBERTARIAN PARTY OF ARKANSAS,      )
KRISTIN VAUGHN, ROBERT CHRIS HAYES, )
DEBRAH STANDIFORD, and              )
MICHAEL PAKKO,          .....Plaintiff, )
                                    )
v.                                  )
                                    )
MARK MARTIN, in his official capacity as )
Secretary of State for the State of Arkansas, )
                   .....Defendant.) )

Case No. 4:15 cv 635-JM

**This case assigned to District Judge** Moody
**and to Magistrate Judge** Kearney

C O M P L A I N T

COME NOW the Plaintiffs, Libertarian Party of Arkansas, Kristin Vaughn, Robert Chris
Hayes, Debrah Standiford, and Michael Pakko, and for their cause of action against the
Defendant, Mark Martin, in his official capacity as Secretary of State for the State of Arkansas,
allege and state as follows, to-wit:

PARTIES

I.

Plaintiff LIBERTARIAN PARTY OF ARKANSAS is a new recognized political party
under the laws of the State of Arkansas, Ark. Code Ann. §§ 7-3-101 and 7-7-205, and has
currently set its 2015 Nominating Convention, pursuant to Ark. Code Ann. § 7-7-205(c)(2), for
October 24, 2015, at the Wyndham Riverfront Little Rock, 2 Riverfront Place, North Little Rock,
Arkansas, 72114, at 9:00 a.m.

Plaintiff KRISTIN VAUGHN, is a resident of Pulaski County, Arkansas, a registered
voter in the State of Arkansas, a member of the Libertarian Party of Arkansas, and is considering
running as a Libertarian candidate for elective office in the State of Arkansas for the 2016
General Election. However, because of the unnecessarily early requirement and deadline for the

Libertarian Party of Arkansas to conduct its nominating convention, Plaintiff Kristin Vaughn has not yet been able to determine whether she can be a candidate for the 2016 General Election in Arkansas or the specific office for which she wishes to run.

Plaintiff ROBERT CHRIS HAYES is a resident of Pulaski County, Arkansas, a registered voter in the State of Arkansas, a member of the Libertarian Party of Arkansas, and is considering running as a Libertarian candidate for elective office in the State of Arkansas for the 2016 General Election.  However, because of the unnecessarily early requirement and deadline for the Libertarian Party of Arkansas to conduct its nominating convention, Plaintiff Robert Chris Hayes has not yet been able to determine whether he can be a candidate for the 2016 General Election in Arkansas or the specific office for which he wishes to run.

Plaintiff DEBRAH STANDIFORD is a resident of Pulaski County, Arkansas, a registered voter in the State of Arkansas, a member of the Libertarian Party of Arkansas, was a candidate for U.S. Representative in Arkansas in 2014, and would consider running as a Libertarian candidate for elective office in the State of Arkansas for the 2016 General Election, but the early filing deadline makes it difficult to decide at this time, because of other personal considerations, as to the whether she can be a candidate for the 2016 General Election in Arkansas or the specific elective office for which she wishes to run.

Plaintiff MICHAEL PAKKO is a resident of Pulaski County, Arkansas, a registered voter in the State of Arkansas, and a member and the current Chair of the Libertarian Party of Arkansas.

All the above-named individual Plaintiffs are citizens of the State of Arkansas and the United States of America, and registered voters of the State of Arkansas.  Plaintiffs wish to have

the right to cast their votes effectively for Libertarian candidates in Arkansas in the 2016

Arkansas election and future Arkansas elections.

II.

Defendant MARK MARTIN is the duly elected SECRETARY OF STATE FOR THE

STATE OF ARKANSAS (hereinafter referred to as Defendant Secretary), and is statutorily

responsible in his official capacity for certification of election results, maintaining State election

records, administering the election and voter registration laws of the State of Arkansas, pursuant

to Ark. Code Ann., §§ 7-7-401, *et seq*. and 25-16-403.  Specifically, the Defendant

SECRETARY has supervisory authority over all election officials or officers of the county

boards of election commissioners, is required to receive the returns from the county boards of

election commissioners and canvas and certify the election results, certify the nomination as to

Libertarian candidates, maintain the State's election records, assist county officials with

conducting federal, state, and district elections, and has responsibility to promulgate, repeal or

modify such rules or regulations as he deems necessary to facilitate and assist in achieving and

maintaining uniformity in the application, operation, and interpretation of the State and Federal

election laws and a maximum degree of correctness, impartiality, and efficiency in

administration of the election laws, and to act as the chief state election official responsible for

coordination of state responsibilities so as to insure compliance with Federal election laws.

The aforesaid Defendant Secretary has offices in the Arkansas State Capitol Building,

Rm 256, Little Rock, Arkansas 72201.

3

## JURISDICTION AND VENUE

### III.

This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, §§ 1343(3), 1343(4), 2201, and 2202, and 42 U.S.C. § 1983. Venue of this Court is invoked pursuant to Title 28, U.S.C. § 1391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

## STATEMENT OF THE CLAIM

### IV.

This proceeding seeks a judgment declaring Ark. Code Ann. §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3), as applied to the Plaintiffs for the 2016 Arkansas General Election and, in its previous and subsequent version which was in effect before the 2016 election cycle and will be in effect after December 31, 2016, for all subsequent general elections in the State of Arkansas and the facts and circumstances relating thereto, unconstitutional in that it violates in its application to the Plaintiffs herein for the 2016 Arkansas General Election, and all subsequent Arkansas General Elections, the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983. This proceeding also seeks an injunction, both temporary and permanent, against Defendant SECRETARY, prohibiting said Defendant from following and enforcing the provisions of Ark. Code. Ann. §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3) as applied to the Plaintiffs herein for the 2016 Arkansas General Election, and in its previous and subsequent version which was in effect before the 2016 election cycle and will be in effect after December 31, 2016, for all subsequent Arkansas General Elections, to the extent that said statutes set an unconstitutional early and vague deadline of

between November 2 through 9, 2015, during the 2016 election cycle for the Libertarian Party of

Arkansas and Libertarian candidates, as a result of the Arkansas Legislature in 2015, moving the

Libertarian candidate nominee's political practices pledge deadline from March of the General

Election year to November 2 through 9 of the year before the General Election year, along with

the requirement that any nominating convention for a new political party must be completed

before the first and second Monday of November in the year before the General Election in

which the political parties' nominated candidates will appear on the Arkansas ballot.

V.

The laws in question which were stated in rhetorical paragraph IV above, effective for the

2016 Arkansas General Election cycle, but not for subsequent Arkansas General Election cycles

beginning in the next Arkansas General Election cycle in 2018, are as follows, to-wit:

Ark. Code Ann. § 7-7-101

The name of no person shall be printed on the ballot in any general or special election in this
state as a candidate for election to any office unless the person shall have been certified as a
nominee selected pursuant to this subchapter.

Ark. Code Ann., § 7-7-203(c)(1)

(c)(1)  The party filing period shall be a one-week period beginning at 12:00 noon on the
first Monday in November preceding the general primary election and ending at 12:00 noon on
the seventh day thereafter.

Ark. Code Ann., §§ 7-7-205(c)(2) and 7-7-205(c)(3)

(c)(2)  A new political party formed by the petition process shall nominate candidates by
convention for the first general election after certification.

(c)(3)  A candidate nominated by convention shall file a political practices pledge with
the Secretary of State or county clerk, as the case may be, during the party filing period.

5

VI.

That previous to the aforesaid laws of the State of Arkansas as set forth in rhetorical paragraph V hereinabove and as will be in effect in future Arkansas election cycles after the Arkansas General Election in 2016, the election laws of the State of Arkansas as to ballot access for Libertarian candidates and new minor political parties, which have successfully petitioned for new political party ballot access in Arkansas, and which must nominate their candidates at a nominating convention were much less vague, less restrictive, less drastic and demanding in their requirements, and allowed for a much later time and deadline for the political party nominating convention than the election laws in question herein--which have been put in effect only for the 2016 Arkansas General Election cycle because Senate Bill No. 8, Section 7(b) and (c), signed into law on May 28, 2015, provides that the provisions of this act are temporary and expire on December 31, 2016, and that on or after December 31, 2016, the provisions of law suspended by this act shall be in full force and effect.  Further, the aforesaid complained of laws have unnecessarily impacted and interfered with the Libertarian Party of Arkansas and potential Libertarian candidates and citizens wishing to exercise their fundamental rights to political expression and association.

The pertinent, relevant, and material changes in the aforesaid election law of Arkansas, as complained of in the paragraph immediately hereinabove, involve the Arkansas Legislature in 2015 moving forward by several months the petition signature deadline for new political parties in Arkansas to sixty days before the party filing period for the year in which the election is to be held (i.e., November 2 through 9 for the year before 2016 pursuant to the dictates of Ark. Code Ann. §§ 7-7-203(a) and 7-7-203(c)(1), with the further consequence because of the aforesaid

amendment of moving the political party nominating convention, pursuant to Ark. Code Ann. § 7-7-205(c)(2), to a period of approximately one year before the 2016 Arkansas General Election.

VII.

Ark. Code Ann., § 7-7-205(a)(6) was negatively impacted in 2015 by the amendment to the party filing period of Ark. Code Ann. § 7-7-203(c)(1) because it moved the petition filing deadline for new political parties from sixty days before March 1 of an election year to sixty days before the new party filing period (now in the first week of November) for the year before the General Election is to be held. Amended by laws 2015, Senate Bill 8, signed by Governor Hutchinson on May 28, 2015. The foregoing change in the ballot access law for Libertarian candidates and the Libertarian Party of Arkansas, not only made petitioning even more difficult by setting a petitioning deadline farther away from the date of the Arkansas General Election when political interest among the voting public is less, but requires the holding of a nominating convention to select the Libertarian candidates for the Arkansas General Election to be held in November of 2016, in late October, 2015, more than one year before the 2016 General Election in Arkansas, but before the nominees of the Republican and Democratic parties will be known and without the equal opportunity to have an extended period of time like the Republicans and Democrats to vet, listen to, get to know, conduct their campaigns, and discuss the various Libertarian Party candidates for elective office during a time much closer to the General Election when political interest is higher and more focused. Further, the Libertarian Party of Arkansas will be further disadvantaged in comparison to the Republican and Democratic parties because minor political parties are usually recognized not to gain in strength until the voting public has had an opportunity to size up who the major parties are putting up as their nominees. In contrast to the aforesaid recognized facts, the Republican and Democratic parties in Arkansas will be able

7

to select their candidates after the Libertarian Party of Arkansas has selected their nominees. Of further concern, many campaign issues that will be important in the November 2016 General Election have not yet crystalized in the public's mind so as to be a point of debate and contention among potential nominees of a political party. Finally, many potential nominees of the Libertarian Party of Arkansas have personal and business considerations that must be taken into account so that they cannot necessarily plan so far ahead as to make such an early decision on their political candidacy.

VIII.

On the 24th day of October, 2015, under the current election laws in question and at a time when there is relatively less interest in politics, there is uncertainty as to who the major party candidates will be, what issues they will campaign on, and the unsettled final results of who will be nominated as the major party candidates, the Libertarian Party of Arkansas and its then potential candidates and voters will be required to conduct their nominating convention for the selection of their candidates for the General Election to be conducted in Arkansas in November of 2016, pursuant to Ark. Code Ann. §§ 7-7-205(c)(2) and (c)(3).

Arkansas's unnecessarily early aforesaid petition signature deadline for new political parties, coupled with the resulting requirement that the new political party's nominating convention must be done more than a year before the General Election, is unconstitutional because political interests of the voting public is less because of being so distant from the Arkansas General Election, is constitutionally unnecessary and vague, lacks any compelling interest, and unequally and unfairly impacts in a discriminatory manner the rights of the Libertarian Party of Arkansas, its members, potential candidates, and potential voters.

8

IX.

In the General Election year in Arkansas for the year 2016, the Libertarian candidate petition deadline is sixty days before the political party filing period of Monday, November 2 through November 9, 2015, while the political party Preferential Primary Election is on March 22, 2016, and the General Election is on November 8, 2016. If the complained of Arkansas election statutes are enforced as to deny the Libertarian Party of Arkansas, its candidates and potential candidates, and individual Arkansas registered voters who support those candidates full ballot access, a reasonably scheduled nominating convention near the time of the primaries of the major political parties, and right to a constitutional new political party petition deadline for their nominating convention, then the rights to political association, First Amendment free speech, the right to cast one's vote effectively, and free and equal elections will be abridged and denied.

X.

Defendant SECRETARY has and will exercise his authority under color of state law in enforcing the aforesaid state laws in such a manner as to be in an unlawful, discriminatory, capricious, vague, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in that:

A.      By reason of said required action as set forth in rhetorical paragraph IX above by said Defendant Secretary, through his agents, employees, and servants, the Plaintiffs herein will be denied their rights to actively and effectively engage in the exercise of their free speech, right to political association, seek redress of grievances, cast an effective vote, and equal protection and due process of the laws of the State of Arkansas and the United States of America;

B.      Said required action as set forth in rhetorical paragraph IX above works to further no constitutional compelling state interest or political purpose for said state election laws—other

9

than to give advantage to the major established political parties.  Plaintiffs' fundamental constitutional freedoms are or will be denied and abridged, the laws in question work in an unequal, vague, and discriminatory manner in that they favor the established and entrenched political parties (viz.: Republican Party and Democratic Party), and the aforesaid statues in question are not framed in the least restrictive manner necessary to achieve the legitimate state interests in regulating ballot access, particularly as relating to the unnecessarily early and vague petition filing deadline and political party nominating convention deadline of more than one year before the 2016 General Election.

XI.

Plaintiffs herein will suffer immediate and irreparable harm in the event that the complained of actions set forth in rhetorical paragraph VIII and IX hereinabove are allowed to occur.  The effect of the aforesaid complained of actions would be to effectively deny Plaintiffs those rights enumerated hereinabove in rhetorical paragraph X(A).  Plaintiffs have no adequate remedy at law for the denial of their rights and the impairment of the constitutional rights, privileges, and immunities enjoyed by a citizen of the United States and the State of Arkansas, and, unless a preliminary injunction and a permanent injunction are granted, Plaintiffs will suffer great and irreparable harm.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment:

1.      Declaring that the said required actions as set forth in rhetorical paragraph IX above pursuant to Ark. Code Ann., §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3) are illegal and unconstitutional when considered in combination, particularly as applied to the facts of the case at bar in that they establish an unnecessarily early and vague nominating

10

convention deadline for Libertarian Party candidates for elective office in the State of Arkansas, which results in a limited campaigning time period and selection process further removed from the general election than was required under prior election law in Arkansas, and during a period of time when political interest among the voting public is lower and before the major parties must select their candidates, so that it is in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983;

2.    Entering a preliminary and permanent injunction allowing the Plaintiffs, particularly the Libertarian Party of Arkansas, to continue and/or supplement by subsequent convention their nominating convention currently set for October 24, 2015, to a later date equal to the primary and run-off elections conducted by the Republican and Democratic political parties in Arkansas for the General Election cycle of 2016, restraining, prohibiting, and enjoining the Defendant Secretary to the instant action, his agents, employees, and servants, and all persons in active concert and participation with them, from enforcing, applying, or implementing the aforesaid complained of state election law as applied to the instant Plaintiffs and all similarly situated individuals;

3.    Awarding Plaintiffs the reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

4.    Granting Plaintiffs such further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this _____ day of October, 2015.

LIBERTARIAN PARTY OF ARKANSAS,
KRISTIN VAUGHN, ROBERT CHRIS HAYES,
DEBRAH STANDIFORD, and
MICHAEL PAKKO, Plaintiffs


JAMES C. LINGER, OBA#5441
1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com


W. Whitfield Hyman, ABN # 2013-237
King Law Group
300 North 6th Street
Fort Smith, Arkansas 72901
(479) 782-1125 Telephone
(479) 316-2252 Facsimile
 william.hyman@gmail.com
*Counsel for Plaintiffs*

12