IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

_____

LIBERTARIAN PARTY OF ARKANSAS,        )
KRISTIN VAUGHN, ROBERT CHRIS          )
HAYES, DEBRAH STANDIFORD, and         )
MICHAEL PAKKO,            …..Plaintiff, )
                                      )
 v.                                   )        Case No. 4:15-cv-635-JM
                                      )
MARK MARTIN, in his official capacity as   )
Secretary of State for the State of Arkansas,   )
                         …..Defendant.)
_____)

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS

I. INTRODUCTION

The instant case is a ballot access case on behalf of four registered voters in the State of

Arkansas and the Libertarian Party of Arkansas, which must conduct a political party convention

under Arkansas law in order to nominate candidates for elective office.  On December 10, 2015,

the Defendant Mark Martin, Secretary of State for the State of Arkansas (hereinafter sometimes

referred to as "Secretary of State") filed a Motion to Dismiss; and Alternative, Motion for

Judgment on the pleadings [Doc. 6] and Brief in Support thereof [Doc. 7].   Thereafter, on

December 17, 2015, the Defendant Secretary of State filed an Amended Motion to Dismiss, and

Alternative, Motion for Judgment on the Pleadings [Doc. No. 9].  After Plaintiffs filed an initial

Unopposed Motion for Extension of Time on December 17, 2015, [Doc. 8], Plaintiffs filed an

Unopposed Amended Motion for Extension of Time to File Response and Brief in Opposition to

Defendant's Motion to Dismiss; and Alternative, Motion for Judgment on the Pleadings and Brief

in Support Thereof [Doc. 10], which the Court granted on December 23, 2015, and made Plaintiffs'

response due by January 5, 2016 [Doc. 11].  The Secretary of State's pleadings allege that the

Court lacks subject matter jurisdiction because Plaintiffs lack standing to bring the suit, Plaintiffs

failed to show an injury fairly traceable to the conduct of Defendant Secretary of State that could

be redressed by a favorable decision, that Plaintiffs' cause of action only concerns the November

2016 election cycle and is not capable of repetition, Defendant Secretary of State is entitled to

sovereign immunity under the Arkansas Constitution, as well as immunity under the Eleventh

Amendment to the U.S. Constitution and statutory immunity (presumably under Arkansas law).

Further, Defendant Secretary of State contends Plaintiffs' challenge of the election laws which

affect Plaintiffs after December 31, 2016 are not ripe for review, and that Plaintiffs failed to state

a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b) (6) and 12(c).

The Defendant Secretary of State's Amended Motion to Dismiss and Alternative Motion for

Judgment on the Pleadings are without merit and, therefore, should be denied.

## II. STATEMENT OF THE CASE

In considering Defendant Secretary of State's aforesaid motions, it is perhaps best to

consider what the Plaintiffs are asking for in the case at bar and the particular facts which will be

presented to the Court at the hearing on Plaintiffs' Motion for Preliminary Injunction.  The

Libertarian Party of Arkansas (hereinafter "LPArk") is the only minor political party to obtain

recognition for ballot status in Arkansas for the 2015-2016 election cycle.  Because the LPArk is

a new political party in Arkansas, it does not nominate its candidates for the General Election at

a primary election, but must nominate its candidates by convention.  Ark. Code Ann., § 7-7-

205(c)(2).  Any candidates nominated by the convention are required to file a political practice

pledge with the Secretary of State or County Clerk during the party filing period.  Ark. Code

Ann., § 7-7-205(c)(3).  The party filing period (i.e., for the Republican and Democratic parties)

is currently set for the 2016 election cycle for a one-week period beginning at noon on the first Monday in November preceding the General Primary Election (viz.: November 2, 2015) and ending at noon on the 7th day thereafter (viz.: November 9, 2015). Because the party nominating convention for the LPArk has to be completed before the nominating period under current law, it was necessary for the LPArk to have its nominating convention in October of 2015. Unlike the primary elections for the Republicans and Democrats in Arkansas (where Arkansas voters can simply cast their votes after a long primary election season at voting precincts near where they live), the Libertarians in Arkansas have to have the nominating convention of the LPArk at a central location in Arkansas since all candidates and Libertarian voters must travel to the nominating convention. Because of jobs and family commitments, the convention was held on Saturday, October 24, 2015, in North Little Rock, Arkansas. It was felt that the next available Saturday, October 31, 2015, would not be as convenient for the candidates and voters because it would be on Halloween and might adversely impact those candidates and voters who had small children, thus lessening attendance. In any event, either October date was more than one year from the date of the General Election in Arkansas in November of 2016, and more than four months before the Republicans and Democrats would hold their primary election to select their candidates for the same November 2016 General Election.

As set forth in Plaintiffs' Complaint [Doc. 1], three of the individual Plaintiffs (Vaughn, Hayes, and Standiford) are not only Arkansas registered voters, but were unable to determine if they could be candidates for the LPArk for the 2016 General Election because of the October 24, 2015 Nominating Convention. The other individual Plaintiff (Pakko) is the current Chair of the Plaintiff LPArk. All the individual Plaintiffs wish to have the right to cast their votes effectively for Libertarian candidates in Arkansas in 2016. However, the workings of the current laws in

question, not only require an unnecessarily early decision, but substantially limit the time for Libertarian voters in Arkansas to find out who their candidates are and participate in the political process with the candidates during the more than four months before the Republicans and Democrats have their primary election.  Additionally, at least one candidate which the LPArk nominated on October 24, 2015, has moved out of state (Nathan LaFrance, candidate for U.S. House District 3) and there is no proper method under existing Arkansas law for the LPArk to replace their previously nominated candidates.  This fact stands in stark contrast to what is available to the two major Arkansas political parties.

Specifically, what the Plaintiffs are asking for in affirmative relief from the Court is that they be allowed to conduct a further nominating convention to correct or supplement the convention held on October 24, 2015, no later than the date of the preferential primary election in Arkansas for the Republican and Democratic parties (i.e., March 1, 2016).  Ark. Code Ann. §§ 7-7-202(a) and 7-7-203(b).  In fact, the State of Arkansas will not even be able to start to finalize its General Election ballot for November of 2016 until after the general primary runoff election for the major parties, which will be conducted on March 22, 2016.  This remedy is necessary because of the unnecessarily early convention which the LPArk was forced to conduct on October 24, 2015, and the resulting loss of potential candidates, campaigning time, and substitution of replacement candidates for those candidates who have left the state or cannot be a candidate for other reasons.  Plaintiffs anticipate within the next two weeks to present to the Court by way of Motion for Preliminary Injunction an exact date for their second nominating convention as well as testimony as to candidates who are to be either added as nominees or removed as nominees so as to demonstrate to the Court the harm of having a nominating convention well before the General Election and the Primary Election of the major parties.

### III. STANDARD OF REVIEW

Whether in judging a Motion to Dismiss or a Motion for Judgment on the Pleadings, the U.S. Court of Appeals for the Eighth Circuit has applied the same standard, *Packard v. Darveau*, 759 F.3d 897, 900 (8th Cir. 2014), and views the facts in the Complaint as true and grants all reasonable inferences in favor of the nonmoving party. *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 912 (8th Cir. 2014), citing *Poehl v. Countrywide Home Loans*, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008); also see, *Retro Television Network, Inc. v. Luken Communications*, 696 F.3d 766, 768 (8th Cir. 2012) and *Nanomech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015). However, the "complaint" must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Defendant Secretary of State's Amended Motion to Dismiss and Alternative Motion for Judgment on the Pleadings has attacked Plaintiffs' standing to continue their Constitutional challenge to certain Arkansas election statutes which require a newly recognized political party to conduct a nominating convention approximately one year before the General Election in which the party's candidates will be presented to the voting public, it is well settled that a Court in ruling on such a challenge to standing must accept as true all material allegations of the Plaintiffs' complaint, and construe the complaint in favor of the Plaintiffs. *Gladstone Realtors v. Bellwood*, 441 U.S. 91, 109 (1979). "A party invoking federal jurisdiction must support each of the standing requirements with the same kind and degree of evidence at the successive stages of litigation as any other matter on which a plaintiff bears the burden of proof . . . . '[G]eneral factual allegations of injury resulting from the defendant's conduct' will suffice to establish Article III standing at the pleading stage, 'for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support [a contested] claim.'" *Constitution Party of South Dakota v. Nelson*, 639

F.3d 417, 420-421 (8th Cir. 2011) (quoting *Lujan v. Defenders of Wild life*, 504 U.S. 555, 560-561 (1992).

Plaintiffs' complaint herein challenges Arkansas election laws requiring an unnecessarily early nominating convention and political practices pledges that are unconstitutionally burdensome and early and serve no compelling state interest, while having a serious effect on a minor political party and its potential candidates and voters. Motions to Dismiss pursuant to Fed. R. Civ. Proc. 12(b) (6) are not viewed with favor, and are only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint should not be dismissed simply because a Court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accordingly, a well-pleaded complaint will survive a motion to dismiss even when the likelihood of recovery appears remote. *Id*.

## IV. ARGUMENT AND AUTHORITIES

Plaintiffs seek declaratory and injunctive relief from the Court. Plaintiffs specifically seek to have Ark. Code Ann., §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3), as applied to the Plaintiffs herein for the 2016 Arkansas General Election and all subsequent general elections in the State of Arkansas and the facts and circumstances relating thereto, declared unconstitutional. While this case is specifically concerned with asking for injunctive relief for a new political party nominating convention for the LPArk no later than March 1, 2016, it also concerns the requirement in future elections after 2016 that will still require a new minor political party to have its nominating convention more than four months before the primary elections for the Republican and Democratic parties. Plaintiffs admit that the challenge to the

law as it will be after the 2016 election cycle is not as severe as the current election year because, at least, the reversion to the old law will not require the political party's nominating convention to be more than one year before the General Election, although it will still be more than four months before the major parties' Primary Election.

Plaintiffs would suggest to the Court that in election cases "our primary concern is not the interest of [the] candidate . . . but rather, the interests of the voters who chose to associate together to express their support for [that] candidacy and the views . . . espoused." *Anderson v. Celebrezze*, 460 U.S. 780, 806 (1983). The Plaintiffs herein are a newly recognized Arkansas political party, its Chairman, and Arkansas voters who, given a reasonable nominating convention date, can reasonably be expected to be candidates for elective office. Often the needs of alternative political parties and their supporters are of little concern to state government composed almost totally of members of the major political parties. Therefore, the Plaintiffs have ". . . standing to challenge a state law regulating elections when that law 'would restrict [their] ability to vote for the candidate of [their] choice or dilute the effect of [their] vote if [their] chosen candidate were not fairly presented to the voting public.'" *McLain v. Meier*, 851 F.2d 1045, 1048 (8th Cir. 1988) (holding that voter had standing to challenge ballot access law that he claimed was overly restrictive in signature requirements and deadlines). Also see, *Miller v. Moore*, 169 F.3d 1119. 1123 (8th Cir. 1999). We can only imagine what the effect would be on the major political parties if they had to have all their nominees selected a year before the General Election and with little time to actually meet and hear from the potential candidates.

In order to show standing and invoke a federal trial court's jurisdiction, a litigant "must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).

Plaintiffs face in the laws challenged herein a "sufficiently particularized and concrete injury" to give them standing in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61. The injury in fact which the Plaintiffs have suffered in the instant case is the unnecessarily early nominating convention more than a year before the General Election—which can be redressed by a favorable decision in the granting of a later date for a subsequent nominating convention to correct the effects of having too early a nominating convention. In considering Defendant's Brief herein, most of the cases cited by the Secretary of State were appeals from decisions on motions for preliminary injunctions or summary judgment motions, not motions to dismiss or motion for judgment on the pleadings. The Eighth Circuit decision referred to above in *Constitution Party of South Dakota v. Nelson* concerned a decision on a motion for summary judgment, not a motion to dismiss. As to the Eighth Circuit's decision in *Manifold v. Blunt*, 863 F.2d 1368 (8th Cir. 1988), the Secretary of State not only fails to mention that this was an appeal from a preliminary injunction hearing and judgment by the District Court, but that the time for the submission of the presidential electors was not due a year before the General Election but on August 1 of the General Election year. Further, of significant importance and understanding the Manifold v. Blunt case is the additional published opinion which shows that the Eighth Circuit Court of Appeals in considering a petition for rehearing *en banc* denied it only because the vote of the Circuit judges was tied at five to five, with four of the judges (including Judge Arnold of Arkansas) filing a dissent from the Court's decision not to grant the motion to rehear the appeal *en banc*. *Manifold v. Blunt*, 873 F.2d 178 (8th Cir. 1989). Therefore, considering the divided Eighth Circuit, the closeness of the deadline in question to the General Election as compared to the instant case, and the closely divided Eighth Circuit, the *Manifold* case should be viewed with caution.

As to other cases cited by the Defendant Secretary of State, *Digital Recognition Network, Inc. v. Hutchison*, 803 F.3d 952 (8th Cir. 2015), concerned an appeal from a ruling on a motion for a preliminary injunction, wherein the District Court found that there was sovereign immunity reflected in the Eleventh Amendment to the U.S. Constitution which protected the Governor and Attorney General of Arkansas because they were not Arkansas officials connected to the enforcement of the act in question.  *Hutchison*, 803 F.3d at 956.  In contrast, the Defendant in the case at bar, as pled in Plaintiffs' Complaint, is the state official who is statutorily responsible in his official capacity for, *inter alia*, administering the election laws of the State of Arkansas pursuant to Ark. Code Ann., §§ 7-7-401, *et seq*. and 25-16-403.  Plaintiffs then go on to spell out all the duties of the Defendant Secretary of State in paragraph II of Plaintiffs' Complaint [Doc. 1].  These facts differentiate the instant case from the facts in the *Hutchison* case.  As *Hutchison* goes on to say:  "To establish standing, a plaintiff must show that he has suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and will be likely redressed by a favorable decision."  *Id*.; also see, *Johnson v. State of Mo*., 142 F.3d 1087, 1088 (8th Cir. 1998).

In another case cited by the Secretary of State, *Pucket v. Hot Springs School Dist. No. 23-2*, 526 F.3d 1151 (8th Cir. 2008), the Eighth Circuit affirmed the District Court's granting the Defendant's Motion for Summary Judgment and held that Article III standing requires the plaintiff to show that he or she has suffered an injury-in-fact, a casual relationship between the injury and the challenged conduct, and that the injury likely will be redressed by a favorable decision.  Of course, all these factors are present in the instant case for the individual plaintiffs as well as the LPArk.  Likewise, in the case of *Parrish v. Dayton*, 761 F.3d 873 (8th Cir. 2014), the Eighth Circuit in commenting on the ripeness issue stated that "the ripeness inquiry requires

examination of both the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Parrish v. Dayton*, 761 F.3d at 875; *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000), quoting Abbott Labs v. Gardner, 387 U.S. 136, 149 (1967). "The fitness prong 'safeguards' against judicial review of hypothetical or speculative disagreements.'" *Parrish v. Dayton, Id.*; *Nebraska Pub. Power Dist., Id.* "The fitness prong is typically concerned with questions of 'finality,' definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed.'" *Parrish v. Dayton, Id.*, quoting *Harrell v. The Florida Bar*, 608 F.3d 1241, 1258 (11th Cir. 2010). Therefore, under the fitness prong, the instant case will be ripe for decision pending hearing on a motion for preliminary injunction. As the Eighth Circuit said in another case, while the ripeness doctrine, in seeking "'to prevent the court, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[,]'" the doctrine does not state that the "plaintiffs need not wait until the threatened injury occurs, but the injury must be 'certainly impending.'" *Paraquad, Inc. v. St. Louis Housing Authority*, 259 F.3d 956, 958-959 (8th Cir. 2001), quoting in part *Abbot Labs v. Gardner*, 387 U.S. at 148 and *Babbitt v. United Farm Workers Nat'l. Union*, 442 U.S. 289, 298 (1979).

Finally, the case at bar challenges the law in question as applied to the Plaintiffs. "In determining whether or not a state law violates the Equal Protection Clause, we must consider the facts and circumstances behind the law, the interests which the State claims to be protecting, and the interests of those who are disadvantaged by the classification." *Williams v. Rhodes*, 393 U.S. 23, at 31 (1968) (emphasis added and footnote omitted). Thus, in deciding this current controversy that directly impacts the named Plaintiffs, the Court should consider this challenge to be an "as applied" challenge. However, while the damage to the Plaintiffs by the early

deadline in considering the case as pled in the Complaint is significant in infringing on First Amendment rights, it is hard to see how there is any necessity for the earlier selection of nominees for a new political party in Arkansas, particularly when it is so far removed from the General Election.

CONCLUSION

WHEREFORE, premises considered, the Plaintiffs herein pray that this Court will deny Defendant's Motion to Dismiss and Alternative Motion for Judgment on the Pleadings in the instant case.

Respectfully submitted this 5th day of January, 2016.

LIBERTARIAN PARTY OF ARKANSAS, KRISTIN VAUGHN, ROBERT CHRIS HAYES, DEBRAH STANDIFORD, and MICHAEL PAKKO, Plaintiffs

/s/ James C. Linger
JAMES C. LINGER, OBA#5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

/s/ W. Whitfield Hyman
W. Whitfield Hyman, ABN # 2013-237
King Law Group
300 North 6th Street
Fort Smith, Arkansas 72901
(479) 782-1125 Telephone
(479) 316-2252 Facsimile
 william.hyman@gmail.com

*Counsel for Plaintiffs*

<u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that a true and exact copy of the foregoing has been served on all counsel

of record via the Court's CM/ECF e-mail notification system on the 5th day of January, 2016.

<u>/s/ James C. Linger</u>
James C. Linger
