IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 05 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

LIBERTARIAN PARTY OF ARKANSAS,                    PLAINTIFFS
KRISTIN VAUGHN, ROBERT CHRIS HAYES,
DEBRAH STANDIFORD, and MICHAEL PAKKO

VS.                   NO. 4:15-CV-635-JM

HONORABLE MARK MARTIN
in his official capacity as
Arkansas Secretary of State                       DEFENDANT

## DEFENDANT, HONORABLE MARK MARTIN'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**Comes Now**, Defendant, Honorable Mark Martin, ("Defendant Secretary"), in his official capacity as Arkansas Secretary of State, for his Response to Plaintiff's Motion for Preliminary Injunction, and states:

1. Plaintiffs are not entitled to a preliminary injunction. Plaintiffs cannot meet the requirements set forth by both the Supreme Court and the Eighth Circuit Court of Appeals.

    a. There is no threat of irreparable harm to Plaintiffs. The election laws in question are constitutional.

    b. When balancing the equities, a granting of a preliminary injunction will be unfair to Defendant, since the state has a legitimate and compelling interest in regulating elections, the Secretary of State is bound to follow hard-coded deadlines as set by Arkansas statutes, having no discretion in doing so, and the deadlines do not harm Plaintiffs.

    c. Plaintiffs cannot succeed on the merits, their Complaint should be dismissed.

    d. In determining which outcome best serves the public interest, fair and stable elections, free from confusing ballots and frivolous candidates far outweigh any "alleged" harms purportedly done to Plaintiffs.

2. The Eighth Circuit has already dealt with a similar request for a preliminary injunction regarding election deadlines. Both the U.S. District Court for the District of South Dakota and the Eighth Circuit Court of Appeals concluded that the Plaintiffs were not entitled to injunctive relief, and neither do Plaintiffs.

3. The registration deadline under Ark. Code Ann. § 7-7-203 is a general registration deadline for all recognized political parties in the state; Plaintiffs are hardly unique in this regard, they are not being singled out.

4. Plaintiffs have failed to allege any real harm, mere inconvenience is not sufficient cause for the relief they seek.

5. Plaintiffs apply the wrong standard, this is not a case requiring strict scrutiny, it is a case requiring rational basis review.

6. Plaintiffs seek special treatment. All political party candidates were required to register by the deadline. TO allow Libertarian Party candidates to register after the deadline

would be both contrary to Arkansas law, and it would be unfair to all other party candidates, their respective parties, and the state and local agencies which have relied on the statutes in question; in other words, it would be a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and would allow Libertarian candidates access to the ballot, while avoiding regulatory scrutiny.

7. Plaintiffs cannot manufacture standing by alleging they have been harmed as voters. This is an "as applied" challenge, and for Plaintiffs to be successful, they must have clear and individualized harm done to each plaintiff. Plaintiffs fail to meet their burden.

8. Defendant Secretary asks the Court to deny Plaintiffs' Motion for a preliminary injunction. Plaintiffs are not entitled to injunctive relief on the facts pleaded and alleged.

9. Defendant Secretary, files a Brief in support, simultaneously with this Response.

10. Defendant Secretary incorporates by reference his Answer, including, all of the exhibits attached to the Answer.

11. Defendant Secretary asks the Court to deny the Motion for the reasons set forth in in this Response, above; to deny Plaintiffs the relief they seek; to grant Defendant such additional relief to which he may be entitled under the circumstances; and to deny Plaintiffs any relief against Defendant Secretary.

**WHEREFORE**, and for the foregoing reasons, Defendant Secretary of State Mark Martin, in his official capacity, prays that this Court grant Defendant the relief he seeks herein; that the Court deny Plaintiffs any of the relief they seek; that the Court dismiss the Plaintiffs' Complaint; that the Court deny Plaintiffs any injunctive relief; that the Court deny Plaintiffs'

their request for any costs, fees, or expenses; and that the Court grant Defendant such additional relief to which he may be entitled under the circumstances.

Dated this 5th day of February 2016.

Respectfully submitted,

HONORABLE MARK MARTIN
ARKANSAS SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213

*Attorney for Defendant*
*Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 5th day of February, 2016, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF):

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810

W. Whitfield Hyman     (*Via Mail*)
300 North 6th Street
Fort Smith, AR 72901

_____
A.J. Kelly