IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

LIBERTARIAN PARTY OF ARKANSAS,                      PLAINTIFFS
KRISTIN VAUGHN, ROBERT CHRIS HAYES,
DEBRAH STANDIFORD, and MICHAEL PAKKO


VS.                         NO. 4:15-CV-635-JM


HONORABLE MARK MARTIN
in his official capacity as
Arkansas Secretary of State                          DEFENDANT


## DEFENDANT, HONORABLE MARK MARTIN'S
## BRIEF IN SUPPORT OF HIS RESPONSE TO
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**Comes Now**, Defendant, Honorable Mark Martin, ("Defendant Secretary"), in his official capacity as Arkansas Secretary of State, for his Brief in Support of Defendant Secretary's Response to Plaintiff's Motion for Preliminary Injunction, and states:

Plaintiffs' Complaint follows a long line of challenges by the Libertarian Party and Independent candidates, across the country, to challenge certain state election procedural rules and mechanisms. The case of *Mark Moore, Michael Harrod, and William Chris Johnson v. Mark Martin*, 4:14CV00065 JM (United District Court for the Eastern District of Arkansas), while

dealing with different provisions of Arkansas law, also made many of the arguments as to statutory deadlines and ballot access, and it's currently on appeal.

> I. *The proper standard of review is rational basis review, not strict scrutiny. Plaintiffs have not legally or factually demonstrated that State law has abridged the rights of the named Plaintiffs. This is an as-applied challenge, Plaintiffs cannot escape this requirement.*

In determining the level or review the Court must apply, the Court must first determine whether the challenged laws "freeze the status quo by effectively barring all candidates other than major parties," or "could a reasonably diligent candidate be expected to satisfy the requirements." *McLain v. Meier*, 851 F.2d 1045, 1050 (8th Cir. 1988). If diligent candidates are able to meet the ballot access standards, the requirements are constitutional, even if 'necessarily arbitrary.'" *Libertarian Party of North Dakota v. Jaeger*, 659 F.3d 687, 694 (8th Cir. 2011). Unquestionably, the Libertarian Party was able to nominate seventeen (17) candidates for the 2016 General Election. (Answer, Exhibits 1-2) The statutes in question do not impose an unconstitutional burden on Plaintiffs, their request for a preliminary injunction is unfounded.

The correct standard to apply is one of reasonableness, since the challenged ballot provisions afford "essential equal opportunity for ballot qualification." *Libertarian Party of North Dakota*, 659 F.3d at 694; (*see also Green Party of Arkansas v. Martin, Secretary of State*, 649 F.3d 675, 680, 685-686 (8th Cir. 2011) where strict scrutiny is not applied when imposed burdens are not severe). As a newly recognized party, there are two *de minimus* burdens in regards to candidate ballot access: (1) the Party must hold a nominating convention and must nominate the candidates seeking election, and (2) the candidates must register by the party filing

deadline, which is applicable to all parties, not just the Libertarian Party. Neither requirement is burdensome, and the Libertarian Party's slate of candidates (with Presidential and Vice-Presidential candidates omitted), is proof that Ark. Code Ann. § 7-7-101, § 7-7-203, and § 7-7-205 are constitutional and have been constitutionally applied to Plaintiffs.

Plaintiffs erroneously argue that strict scrutiny applies. However, the Court's opinion in *Nader 2000 Primary Committee, Inc. v. Hazeltine* shows that this type of state requirement does not necessitate such an elevated standard of review. *Nader 2000 Primary Committee, Inc. v. Hazeltine*, 226 F.3d 978 (8th Cir. 2000). A presumption of constitutionality attaches to state legislative enactments. Plaintiffs face a heavy burden in seeking to challenge the constitutionality of statutes under this standard. *Fitz v. Dolyak*, 712 F.2d 330, 333 (8th Cir. 1983); (*See also Branson v. O.F. Mossberg & Sons, Inc.*, 221 F.3d 1064, 1065 n.4 (8th Cir. 2000). Plaintiffs fail to show that such an onerous standard of review applies to the undisputed facts.

    II.    <u>*Plaintiffs fail to meet the requirements necessary for a preliminary injunction to be properly granted. An injunction must be denied.*</u>

Plaintiffs are not entitled to a preliminary injunction, consequently, their Motion should be denied by the Court. A plaintiff seeking a preliminary injunction must establish that, (a) he or she is likely to succeed on the merits; (b) he or she is likely to suffer irreparable harm in the absence of relief; (c) the balance of equities is in his or her favor; and (d) the injunction is in the best interest of the public. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Eighth Circuit has employed largely the same test, although it has been phrased differently; a test involving "consideration of; (1) the threat of irreparable harm to the movant;

(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)(en banc). At this time, Plaintiffs fail to satisfy these tests; the Court should deny Plaintiffs' Motion for a Preliminary Injunction.

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter*, 555 U.S. at 22. *Citing Munaf v. Geren* 553 U.S. 678, 689-690 (2008). The Court must balance equities, and in balancing the equities, no single factor is determinative. *Dataphase Systems*, 640 F.2d at 113. The likelihood that Plaintiffs may prevail in their claims is meaningless in isolation. *Id*. Plaintiffs will not suffer irreparable injury if they are not granted a preliminary injunction, because the Libertarian Party of Arkansas will merely be limited to the seventeen (17) candidates that were selected in their nominating convention. As the Equal Protection Clause requires, the Libertarian Party is no more limited to the candidates who registered pursuant to Ark. Code Ann. § 7-7-203, than any other party in the State of Arkansas. There is no harm here. Moreover, registered Libertarian candidates have had the opportunity to campaign for the General Election since registration, something majority party candidates cannot do until after winning their respective party primary elections.

Plaintiffs, erroneously argue, that due to the early convention, a number of individuals were not able, at that time, to make a commitment to run for office. This is no different than major party candidates. The only burden any party candidate has under Arkansas law is (1) to choose to run, (2) to obtain a nomination from the party; and (3) to file the necessary forms in a

timely manner. Other parties in the State of Arkansas have full intra-party primaries to carry out. Their potential candidates must invest substantial time and funds fighting each other just to have the opportunity to be in the General Election ballot. All that Libertarian Candidates must do to be on the General Election Ballot is to be nominated prior to registration.

The fact that one of the named Plaintiffs (Kristin Vaughn) has now purportedly decided to make a commitment to run for office, a commitment all other party candidates had to make by the filing deadline three months ago, does not entitle Plaintiffs to temporary injunctive relief at this juncture. The fact that one of their nominated federal candidates, Nathan LaFrance has purportedly since moved out of state, does not require temporary injunctive relief at this juncture. Plaintiff Robert Chris Hayes' purported uncertainty about an effective campaign for federal office is irrelevant to this suit, which only involves state candidates. Lastly, three months after the registration deadline for all candidates, Plaintiff Debrah Standiford purportedly still has not decided if she would like to run for office. There is no real harm to the Plaintiffs. Any minor inconvenience is insufficient to overturn the State's valid interest in assuring that elections are free from wasteful and confusing ballots containing the names of frivolous candidates. *See Anderson v. Celebreeze*, 460 U.S. 780, 788 (1983). To grant Plaintiffs the injunctive relief they seek isn't remedial; it is to give Plaintiffs an advantage over all other parties and their candidates.

The issue of whether to grant a preliminary injunction related to ballot access deadlines has already been presented to the Eighth Circuit, in the form of *Nader 2000 Primary Committee, Inc. v. Hazeltine*, 226 F.3d 979 (8th Cir. 2000). While the application of the test is unique to each case, both the U.S. District Court for the District of South Dakota and the Eighth Circuit Court of

Appeals concluded that the Plaintiffs were not entitled to injunctive relief. *Nader 2000 Primary Committee, Inc. v. Hazeltine*, 226 F.3d 979, 980 (8th Cir. 2000). Factually, their Complaint shared alleged harms also seen in Plaintiffs' Complaint, where an "early filing deadline" along with other state requirements allegedly hampered efforts by candidates to get on the ballot. Ultimately, the Eighth Circuit denied Plaintiff/Appellant's motion seeking injunctive relief to get on the South Dakota ballots "because that relief would improperly excuse [the] candidates from the constitutionally valid one-percent requirement," and because permitting Plaintiff/Appellant to campaign to meet the requirement after its deadline "would thoroughly disrupt the South Dakota election process, jeopardizing the First Amendment rights of South Dakota Voters." *Nader 2000*, 226 F.3d at 981. The same can be said in the present case. Equal Protection precludes Plaintiffs' relief. The First Amendment rights of other parties, and their voters, would be irreparably harmed by granting Plaintiffs the injunctive relief they seek.

"In general, the Equal Protection Clause requires that state actors treat similarly situated people alike." *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000). Here, Plaintiffs are not asking that they be treated the same as similarly situated candidates from other political parties. Rather, they are demanding special treatment. Plaintiffs demand that Ark. Code Ann. § 7-7-203(c)(1) be applied differently to them than it is to other candidates, i.e., that they not be required to file a political practices pledge and a commitment to run for public office as a candidate of the Libertarian Party – and no other party or office. Plaintiffs are not requesting equal treatment, but unconstitutionally favorable treatment.

The Courts in *Nader 2000* recognized the State's interest and "undoubted right to require candidates to make a preliminary showing of substantial support in order to qualify on the ballot, because it is both wasteful and confusing to encumber the ballot with the names of frivolous candidates." *Nader 2000*, 226 F.3d at 980 (*citing Anderson v. Celebreeze*, 460 U.S. 780, 788 (1983)). The case presented by Plaintiffs Libertarian Party of Arkansas, Kristin Vaughn, Robert Chris Hayes, Debrah Standiford, and Michael Pakko, is one of mere inconvenience, not one rooted in actual harm. The State's interest to carry out legitimate elections and require minority parties to nominate candidates instead of carrying out a full primary greatly outweighs Plaintiffs' *de minimus* harm and minor inconvenience. To grant Plaintiffs a preliminary injunction allowing them to circumvent the laws of the State and register candidates three months after the deadline for all candidates, regardless of party, is not placing Plaintiffs on equal footing with majority parties. Rather such relief would give Libertarians an advantage over every other party candidate seeking election in 2016. Among other reasons, such "new" candidates would have avoided two of the filing deadlines for Statements of Financial Interest (November 16, 2015 and January 31, 2016 for non-incumbents. Ark. Code Ann. § 21-8-705 Act 4 of 2015) The Libertarian Party nominated seventeen (17) candidates seeking election to most state and federal offices in this election cycle, a pattern that is supported by their 2014, and 2012 nominating successes. The Court should deny Plaintiff's motion for a preliminary injunction.

When weighing the alleged *de minimus* harms done to Plaintiffs in general with the State's interests, it is clear that no injunction should be granted at this juncture. Plaintiff's alleged harm cannot compare with the State's "strong interest in preventing voter confusion by limiting

**Defendant Secretary's Brief in Support of his Response to Plaintiff's Motion for Preliminary Injunction P. 7**

ballot access to serious candidates that can demonstrate at least some level of political viability." *Lendall v. Bryant*, 387 F.Supp. 397, 402 (E.D. Ark. 1975). The State has a compelling interest in preserving the integrity of the electoral process and in regulating the number of candidates on the ballot, and the State "may require a preliminary showing of significant support before placing a candidate on the general election ballot" in order to protect that interest. *Munro v. Socialist Workers Party*, 479 U.S. 189, 194 (1986). With that in mind, Arkansas is not required to "make a particularized showing of the existence of voter confusion, ballot overcrowding, or the presence of frivolous candidacies prior to the imposition of reasonable restrictions on ballot access." *Munro*, 479 U.S. at 194-195. In the present case, it is constitutional for the State of Arkansas to protect those interests with minimal support requirements, such as a party certificate of nomination, a political practices pledge, registering in the party filing period (just as majority parties are required to), in order to be included on the General Election ballot as a Libertarian candidate.

Plaintiffs' Complaint follows a long line of challenges by the Libertarian Party, across the country, to challenge certain state election procedural rules and mechanisms. But there is no unconstitutional harm in the adoption of such rules in the State of Arkansas. The U.S. Supreme Court has already spoken to these issues. First, "sore loser" provisions of the law prohibit candidates losing a party primary from running another race in the same general election; such prohibitions pass constitutional muster. *Storer v. Brown*, 415 U.S. 724, 736 (1974). Second, fusion candidacies, where candidates can run for the same office in more than one party, can be prohibited. Such prohibitions are constitutional as well. *Timmons, Acting Director v. Twin*

*Cities Area New Party*, 520 U.S. 351, 361-70 (1997) *reversing, Twin Cities Area New Party v. McKenna*, 73 F.3d 196 (8th Cir. 1996). Third, states can require newly-formed political parties to nominate their candidates by convention. *American Party of Texas v. White, Secretary of State*, 415 U.S. 767, 781-82 (1974). Arkansas' third-party ballot access law is constitutional. *Green Party of Arkansas v. Martin, Secretary of State,* 649 F.3d 675, 680-87 (8th Cir. 2011) (challenge to definition of *political party* as meeting minimum number of votes cast for Governor or President of the U.S. at last preceding general election).

It is clear that it is in the best interest of the public to weigh the equities in favor of the State's interests in regulating ballot access. The named Plaintiffs, with the exception of Chris Hayes, failed even to attempt to meet these minimal requirements by the filing period deadline. Plaintiffs cannot demonstrate that Kristin Vaughn, Debrah Standiford, Michael Pakko, and any unnamed candidates the Libertarian Party intends to nominate if their preliminary injunction is granted, have made any attempt in filing the necessary forms by the uniform November 9, 2015 deadline. Consequently, Plaintiffs' Motion for Preliminary Injunction must be denied.

> III. *Plaintiffs are not asking for the Court to protect them from any harm. Plaintiffs are instead asking to be unconstitutionally situated in a more favorable position that that of other parties in the State of Arkansas.*

Plaintiffs seek far more than to be treated equally when compared to other Arkansas political parties; Plaintiffs seek special treatment, and their Motion for Preliminary Injunction is just another example of their desire to have Ark. Code Ann. § 7-7-203 applied more liberally to them than how it is applied to all other Arkansas political parties. The Equal Protection Clause

requires that state actors treat similarly situated people alike. *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000). Libertarian Candidates must and ought to register and file a political practices pledge and make their commitment to run for office by the same deadline as all other party candidates have to file with their respective parties. Likewise, to require the Libertarian Party, a new political party, to nominate candidates by convention, as seen in Ark. Code Ann. § 7-7-205 is constitutional. *American Party of Texas v. White, Secretary of State*, 415 U.S. 767, 781-782 (1974). Ultimately however, candidate hopefuls who failed to file a Political Practices Pledge during the Party filing period will not be placed on the General Election ballot, not because of any unequal treatment by Defendant Secretary of Arkansas law, but because those hopefuls (Vaughn, Standiford, and anyone else Plaintiffs might want to nominate if a preliminary injunction were granted) failed to follow a statutory requirement that applies to all party candidates, irrespective of party, new or established. Ark. Code Ann. § 7-7-101, § 7-7-203, and § 7-7-205. Plaintiffs are not above the law, they too must abide by general filing deadlines applicable to all party candidates in Arkansas, and their Motion for Preliminary Injunction must be denied.

       IV.    *Plaintiffs cannot claim harm to voters will occur, nor do they have standing to sue as voters. Plaintiffs, must and so far, have failed to show any particularized harm to any of the named Plaintiffs.*

The Eighth Circuit has stated that plaintiffs, like the Plaintiffs in this case, do not have standing as "voters." *See United States v. Geranis*, ___ F.3d ___ (8th Cir. December 15, 2015), Nos. 13-3394 and 14-3195, 2015 WL 8957488; (*Citing Nolles v. State Comm. For Reorg of Sch.*

*Dists.*, 524 F.3d 892, 900 (8th Cir. 2008)). Consequently, in this "as- applied" challenge, Plaintiffs cannot allege any harm done to them merely as prospective voters as a basis for the Court to grant a preliminary injunction. Plaintiffs, by their own admission, bring an "as applied" challenge. Thus, Plaintiffs must prove the Arkansas Code imposes an unconstitutional burden on each of them. *See Republican Party v. Klobuchar*, 381 F.3d 785, 790 (8th Cir. 2004). Plaintiffs must show actual harm has been done, as a result of the application of state law to each named Plaintiff, in order to justify either their Complaint or their Motion for Preliminary Injunction. As of now, Plaintiffs have failed to do so on both accounts, and as a result, their Motion for Preliminary Injunction must be denied.

Defendant Secretary has previously filed a Brief in Support of his (Amended) Motion to Dismiss and a Reply to Plaintiffs' Response. Defendant Secretary incorporates those Briefs by reference herein.

**WHEREFORE**, and for the foregoing reasons, Defendant Secretary of State Mark Martin, in his official capacity, prays that this Court grant Defendant the relief he seeks herein; that the Court deny Plaintiffs any of the relief they seek; that the Court dismiss the Plaintiffs' Complaint; that the Court deny Plaintiffs any injunctive relief; that the Court deny Plaintiffs' their request for any costs, fees, or expenses; and that the Court grant Defendant such additional relief to which he may be entitled under the circumstances.

Dated this 5th day of February 2016.

Respectfully submitted,

HONORABLE MARK MARTIN

ARKANSAS SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213

*Attorney for Defendant
Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 5th day of February, 2016, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF):

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810

W. Whitfield Hyman     (*By Mail*)
300 North 6th Street
Fort Smith, AR 72901

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　A.J. Kelly