IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LIBERTARIAN PARTY OF ARKANSAS,
KRISTIN VAUGHN, ROBERT CHRIS HAYES,
DEBORAH STANDIFORD, AND MICHAEL PAKKO           PLAINTIFFS

V.                          4:15CV00635 JM

MARK MARTIN, in his official capacity as
Secretary of State for the State of Arkansas           DEFENDANT

## ORDER

Plaintiffs filed a Motion for Preliminary Injunction on January 22, 2016 and an Amended Motion for Preliminary Injunction on January 23, 2016.  The Secretary of State responded to the Motion on February 5, 2016.  The Secretary of State had previously filed an Amended Motion to Dismiss. The Court heard arguments from the parties at a hearing held on February 19, 2016. For the reasons set forth below, the Motion for Preliminary Injunction is denied and the Motion to Dismiss is granted in part and denied in part.

The Plaintiffs ask the Court to enjoin the Secretary of State from enforcing the provision of Ark. Code Ann. §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3) as they apply to the Plaintiffs for the 2016 Arkansas General Election. The Plaintiffs specifically ask the Court to permit the Libertarian Party of Arkansas to conduct a supplemental nominating convention on Saturday, February 27, 2016, in order to correct, substitute, and add Libertarian Party of Arkansas nominees for the November 8, 2016 General Election.

**Ark Code Ann. § 7-7-101 Nominee certification required**

The name of no person shall be printed on the ballot in any general or special election in this state as a candidate for election to any office unless the person shall have been **certified as a nominee** selected pursuant to this subchapter.

Ark Code Ann. § 7-7-101(emphasis added).

> **Ark. Code Ann. § 7-7-203 Dates**
>
> (c)(1) The party filing period shall be a one-week period beginning at 12:00 noon on the first Monday in November preceding the general primary election and ending at 12:00 noon on the seventh day thereafter.

Ark. Code Ann. § 7-7-203(c)(1) (emphasis added).

> **Ark. Code Ann. § 7-7-205 Petition requirements for new political parties**
>
> (c)(2) A new political party formed by the petition process shall nominate candidates by convention for the first general election after certification.
>
> (c)(3) A candidate nominated by convention shall file a political practices pledge with the Secretary of State or county clerk, as the case may be, during the party filing period.

When a motion for preliminary injunction is presented, the Court must consider "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Plaintiff has the burden of proof.

After consideration of the pleadings, in-court arguments, and the law, the Court finds that there is no threat of irreparable harm to the Plaintiffs. Plaintiff Libertarian Party was granted dispensation from Arkansas Governor Asa Hutchinson to substitute a party nominee for Libertarian nominee, Nathan LaFrance, who moved out of state. Plaintiffs argument that some of the Libertarian nominees are now unsure if they want to run for office because the party had to nominate candidates so early and other Libertarian party members are now interested in running is unpersuasive. All party candidates had to decide whether they wanted to run for office by the party filing date on November 9, 2015 . Whether Republican, Democrat, or Libertarian, the

candidates can suspend their campaigns if they choose, but none of them can choose to get in a race at this late date, with the exception of Mr. LaFrance's replacement. Further, the probability that the Plaintiffs will succeed on the merits of the claims is low based upon the fact that the Plaintiffs had the opportunity, the ability, and actually conducted their party convention. They nominated candidates for seventeen state and local races. According to the facts introduced at the hearing, the Libertarian party nominated a similar number of candidates for the 2015 election cycle. This fact supports the Secretary of State's position that the Plaintiffs have not been harmed by the deadlines set for the 2016 General Election cycle. These reasons, together with the fact that the Secretary of State has a strong interest in preventing voter confusion by limiting ballot access to serious candidates, convince the Court that a preliminary injunction should not be granted. The statutes at issue do not appear to "freeze the status quo by effectively barring third party or new political party candidates from the ballot." *Libertarian Party of N.D. v. Jaeger,* 659 F.3d 687 (8th Cir. 2011). Plaintiffs' motion for preliminary injunction is denied.

      The Secretary of State asks the Court to dismiss Plaintiffs' Complaint in its entirety based upon standing, mootness, ripeness and a failure to state a claim for which relief may be granted. The Court finds the Secretary's arguments regarding standing, mootness, and ripeness to be without merit. The Secretary, however, is correct that the Court is unable to grant relief to the Plaintiffs in certain instances. If Plaintiffs win on the merits of their case, the Court is unable to order the Secretary of State to include Libertarian party nominees on county election ballots because the Secretary of State does not have authority to do so.  To the extent Plaintiffs seek this relief, their Complaint is dismissed without prejudice.

      In conclusion, Plaintiffs' Motion for Preliminary Injunction and amended motion (ECF

Nos. 16 and 18) are DENIED. Defendant's Motion to Dismiss (ECF No. 9) is DENIED in part and GRANTED in part. The joint motion to extend time to file the Rule 26(f) report (ECF No. 27) is GRANTED.

    IT IS SO ORDERED this 25th day of February, 2016.

                                                      */s/ James M. Moody Jr.*
                                                      James M. Moody Jr.
                                                      United States District Judge