IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LIBERTARIAN PARTY OF ARKANSAS,
KRISTIN VAUGHN, ROBERT CHRIS HAYES,
DEBORAH STANDIFORD, AND MICHAEL PAKKO            PLAINTIFFS

V.                              4:15CV00635 JM

MARK MARTIN, in his official capacity as
Secretary of State for the State of Arkansas               DEFENDANT

## ORDER

In this ballot access case, Plaintiffs argue that Arkansas Code Annotated §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3) are unconstitutional as they apply to the Plaintiffs for the 2016 Arkansas General Election. They ask the Court find the scheme unconstitutional and to order the Defendant to add four Libertarian Party candidates to the ballot for the 2016 General Election.

The Court held a bench trial on Monday, July 11, 2016. The parties stipulated to the admission of the February 19, 2016 transcript from the preliminary injunction hearing. After review of the transcript, the witnesses' testimony and exhibits presented at trial, along with the arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### I. Findings of Fact

1.  The Court has jurisdiction over the subject matter and the necessary parties have been named in the case.

2.  Venue is proper.

3.  Political parties who wished to be designated as a new political party and to select nominees for the 2016 General Election in Arkansas were required to file petitions with the Secretary of State by September 3, 2015.

4. The party filing period for the 2016 General Election in Arkansas began at noon on November 2, 2015.

5. A new political party candidate nominated by convention to run in the 2016 Arkansas General Election was required to file a political practices pledge during the party filing period between noon on November 2, 2015 and noon on November 9, 2015.

6. The preferential primary election in Arkansas was held on March 1, 2016.

7. The general primary runoff election was held on March 22, 2016.

8. The ballots for the General Election have not yet been printed. The deadline for certification of candidate names and party labels for printing of all ballots for the General Election is August 25, 2016.

9. The General Election in Arkansas will be held on November 8, 2016.

10. The General Runoff Election will be held on November 29, 2016.

11. The Libertarian Party of Arkansas feels that it would have been advantageous to it as a political party and important to the rights of political association and political speech guaranteed by the First and Fourteenth Amendments to the United States Constitution if its members and all voters of Arkansas if the Libertarian Party of Arkansas were allowed to select its nominees for partisan political office in Arkansas at the same time that the Republicans and Democrats conducted their preferential primary election, on March 1, 2016.

12. The Libertarian Party of Arkansas and its members feel that if their nominating convention could be held on the same date as the preferential primary election for the Republican and Democratic parties in Arkansas that it would assist them in

being treated equally with the major political parties, allow them an equal amount of time for campaigning and evaluation of potential candidates for their party, produce more viable Libertarian candidates for the General Election, create favorable publicity for the Libertarian Party of Arkansas, and allow the nominating convention to be conducted at a time which is not only equal to the date when the major political parties select their nominees, but also allow a selection time which is closer to the General Election and during a time when there is increased public interest in politics and awareness of the issues relevant to the current election cycle.

13. On October 24, 2015, the Libertarian Party of Arkansas held their nominating convention. At that convention, multiple individuals were nominated to represent the Party in various offices. Seventeen Libertarian Party of Arkansas candidates successfully filed to run for office at the state level, filed their political practices pledges and party certificates with the Secretary of State before the end of the party filing period on November 9, 2015. Some individuals who were nominated failed to file or pursue their candidacy.

14. The Libertarian Party of Arkansas held a second convention on February 27, 2016, where the following additional individuals were nominated to run for office in Arkansas as the nominees of the Libertarian Party of Arkansas: William Barger for State House District 35; Debrah Wilson Standiford for State House District 38; Robert Reed for State House District 68; Justin Brantley for State House District 88; Darrell Brown for Constable of Pulaski County; Jeremy Hurtt for Justice of the Peace of Pulaski County; Shawn Young for Justice of the Peace of

Columbia County; and Marc Leon Rosson for Constable of Sevier County.

15. None of the individuals listed in paragraph 14 were nominated at the original Libertarian Party of Arkansas nominating convention held on October 24, 2015 because the individuals were unwilling or unable to commit to running for election at that time.

16. The Plaintiffs are not asking the Court for the injunctive relief of ordering the names of the following individuals running for local and county offices to be printed on the Arkansas ballot for the General Election to be conducted on November 8, 2016: Darrell Brown, Jeremy Hurtt, Shawn Young, and Marc Leon Rosson. However, the Plaintiffs are asking the Court for the injunctive relief of ordering the names of the following individuals running for State House representatives to be printed on the Arkansas ballot for the November 8, 2016 General Election: William Barger, Debrah Wilson Standiford, Robert Reed, and Justin Brantley. Debrah Wilson Standiford is the only one of these individuals who is a plaintiff in this case.

17. If the Libertarian Party of Arkansas were allowed to conduct its nominating convention at the same time as the preferential primary election in Arkansas for the Republican and Democratic parties, there would be no voter confusion because the nominating process for all political parties would be conducted at the same time. Further, there would be no possibility of a "sore loser" candidate.

## II.    Conclusions of Law

1. Standifer has standing under Article III of the United States Constitution because

       she will be kept off the ballot in the 2016 General Election if the Court does not grant the relief requested. This will have an impact on Standiford and the Libertarian Party of Arkansas.

2. Plaintiffs Vaughn and Hayes have abandoned their cases and do not seek relief.

3. Plaintiff Michael Pakko has no distinct claim separate and apart from the Libertarian Party of Arkansas.

4. This case is not moot because the relief requested by Plaintiffs can still be granted and applied to the current election cycle.

5. Plaintiffs challenge the Arkansas statutory scheme concerning ballot access for new party state candidates as it applies to Standiford and the Libertarian Party of Arkansas.

6. "It is beyond cavil that voting is of the most fundamental significance under our constitutional structure." *Burdick v. Takushi,* 504 U.S. 428, 433 (1992) (internal citation omitted). The States, however, possess a broad power to prescribe the times, places, and manner of elections for state offices. *Green Party of Ark. v. Martin,* 649 F.3d 675 (8th Cir. 2011).

7. The United States Supreme Court has set forth a balancing test that considers both the interest of the voter and the interest of the State. In ballot access cases, it is the duty of the court to

> weigh the character and magnitude of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary. Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest. Lesser burdens, however, trigger less

> exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions.

*Id.* at 680.

8. The Arkansas statutory scheme concerning ballot access for new political parties requires the Libertarian Party of Arkansas to nominate its candidates for the 2016 General Election before the end of the filing period and 113 days before the Preferential Primary.

9. The Court finds that the Arkansas statutory scheme concerning ballot access for new party state candidates places a minor burden on the Libertarian Party of Arkansas as evidenced by the Party's success in placing seventeen candidates on the 2016 General Election ballot.

10. The Secretary of State has not articulated any valid interest in requiring the Libertarian Party of Arkansas, or any new political party, to nominate their candidates by a convention which must take place before the preferential primary.

11. Even though the Court finds the Libertarian Party of Arkansas' burden to be minor, there is no interest, regulatory or otherwise, to justify this restriction by the State.

12. Applying the balancing test of *Green Party of Ark. v. Martin*, the Court finds the Arkansas statutory scheme concerning ballot access for new party state candidates to be unconstitutional.

13. The issue of whether new political party candidates should be required to file political practices pledges with the Secretary of State at the same time as other potential nominees and candidates is not before the Court. However, the Court

can see the potential state interests for requiring all candidates to commit and pledge to comply with Arkansas' campaign practice laws during the same filing period and as a prerequisite to nomination by any party.

14. The Court denies the Plaintiffs' request to place Plaintiff Standiford on the ballot as a Libertarian Party of Arkansas candidate for State House District 38 because there is evidence in the record that Ms. Standiford was unable to commit to be a Party candidate as of the filing deadline based upon personal issues, not any restriction imposed by the Secretary of State or the statutes at issue.

15. The Court denies the Plaintiffs' request to place William Barger on the ballot for State House District 35, Robert Reed on the ballot for State House District 68, or Justin Brantley on the ballot for State House District 88 because these individuals offered no evidence that their inability to timely file for office by the close of the filing deadline for the 2016 General Election was due to the statutory scheme at issue.

### III. Conclusion

The Court finds that the Arkansas statutory scheme for ballot access for new political parties is unconstitutional. Plaintiffs' request for injunctive relief is denied.

IT IS SO ORDERED this 15th day of July, 2016.

James M. Moody Jr.
United States District Judge