IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LIBERTARIAN PARTY OF ARKANSAS,  )
KRISTIN VAUGHN, ROBERT CHRIS    )
HAYES, DEBRAH STANDIFORD, and   )
MICHAEL PAKKO,      …..Plaintiffs, )
                                )
v.                              )   Case No. 4:15-cv-635-JM
                                )
MARK MARTIN, in his official capacity as )
Secretary of State for the State of Arkansas, )
                     …..Defendant.)

PLAINTIFFS' MEMORANDUM BRIEF IN SUPPORT OF
THEIR MOTION TO SET AMOUNT OF REASONABLE
ATTORNEY'S FEES WITH AFFIDAVITS IN SUPPORT THEREOF

Judgment was entered in the above-referenced case on July 18, 2016. Plaintiffs have filed a Motion for the award of their reasonable attorney's fees and non-taxable costs and expenses pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2), and L.R. 54.1. In support of Plaintiffs' aforesaid Motion, Plaintiffs now file this Brief with attached Affidavits in support of their fee request.

Plaintiffs' attorney's fees motion requests fee awards in the following amounts:

| | | |
|---|---|---|
| 1. | James C. Linger attorney's fee | $27,475.00 |
| 2. | Non-taxable costs and expenses Expended by attorney Linger | $    217.38 |
| 3. | W. Whitfield Hyman attorney's fee | $ 9,101.00 |
| | Total | $36,793.38 |

The above figures represent 78.5 hours at $300.00 per hour and 15.7 hours at $250.00 for James C. Linger, and 47.9 hours at $190.00 per hour for W. Whitfield

Hyman. James C. Linger is requesting his non-taxable expenses and costs in the amount of an additional $217.38 as set forth in his Affidavit attached hereto. In considering Plaintiffs' aforesaid Motion, Plaintiffs would request the Court to consider those twelve factors approved by the United States Court of Appeals for the Fifth Circuit as set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); and approved by *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 76 L.Ed.2d 40, 103 S. Ct. 1933 (1983); Also see, *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir. 2000), to-wit:

(1)   The time and labor required.

(2)   The novelty and difficulty of the questions.

(3)   The skill requisite to perform the legal service properly

(4)   The preclusion of other employment by the attorney due to the acceptance of the case.

(5)   The customary fee.

(6)   Whether the fee is fixed or contingent.

(7)   Time limitations imposed by the client or the circumstances.

(8)   The amount involved and the results obtained.

(9)   The experience, reputation, and ability of the attorney.

(10)  The "undesirability" of the case.

(11)  The nature and length of the professional relationship with the client.

(12)  Awards in similar cases.

As the decisions of the above courts make clear, the Federal Courts in the various states in the Eighth Circuit have specific guidelines to follow in setting reasonable

attorney's fees in civil rights cases. *Hensley v. Eckerhart, Id.*; see also, *Farrar v. Hobby*, 506 U.S. 103, 112, 121 L.Ed.2d 494, 113 S. Ct. 566 (1992). Further, the Eighth Circuit Court of Appeals has stated that plaintiffs that are considered prevailing parties in litigation should be awarded reasonable attorney fees and the 1976 Civil Rights Attorney Fee Act is designed to encourage private enforcement of the public interest and should be liberally construed to achieve the public purposes involved in the congressional enactment. *Keup v. Hopkins*, 596 F.3d 899, 905-906 (8th Cir. 2010); *Warnock v. Archer*, 380 F.3d 1076, 1083-1084 (8th Cir. 2004); *Cody v. Hillard*, 304 F.3d 767, 772-773 (8th Cir. 2002); and *Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997).

In determining whether a civil rights plaintiff is a prevailing party within the meaning of § 1988, the Supreme Court has stated: "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." *State Teachers Asn'n. v. Garland Indep. Sch. Dist*, 489 U.S. 782, 791-792, 103 L.Ed.2d 866, 109 S. Ct. 1486 (1989), citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Also see, *Hensley v. Eckerhart*, 461 U.S. at 433.

In fact, the Eighth Circuit has frequently upheld fee awards where plaintiffs have prevailed only on part of their claims. In *Jacobson v. City of Coates*, 171 F.3d 1163 (8th Cir. 1999), the Eighth Circuit reversed a trial judge's denial of attorney fees requested pursuant to 42 U.S. Code, § 1988, wherein the District Court characterized appellant's victory as "technical" and insignificant," thereby precluding prevailing party status. The Eighth Circuit reasoned in *Jacobson* that the determination that one of two challenged

3

ordinances relating to adult entertainment businesses was unconstitutional, and, thus, changed the legal relationship between the parties and, therefore, the District Court erred by failing to award attorney fees. However, the Eighth Circuit, in reversing the District Court's denial of attorney's fees, did note that the District Court retained the discretion to determine the appropriate fees pursuant to *Denesha v. Farmer's Ins. Exch.*, 161 F.3d 491, 501 (8th Cir. 1998). As the U.S. Supreme Court has held in deciding whether or not attorney fees should be awarded and whether a party is considered a "prevailing party" under 42 U.S. Code, § 1988, there should be some form of judicial relief such as a declaratory judgment or injunctive relief or monetary damages. *Hewitt v. Helms*, 482 U.S. 755, 759-760, 96 L.Ed.2d 654, 107 S. Ct. 2672 (1987).

In regard to the instant case, Plaintiffs should be considered the prevailing parties inasmuch as the District Court declared on June 15, 2016, that the Arkansas statutory scheme for ballot access for new political parties found in Ark. Code Ann., §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3) is unconstitutional. Because the Court granted a declaratory judgment and declared these laws unconstitutional, Plaintiffs should be considered prevailing parties herein. While the laws declared unconstitutional will be changed slightly for the next election cycle as they apply to new political parties in Arkansas, the laws will still be unconstitutional because the revised law will still require new parties to have their nominating conventions several months before the preferential primary elections for the major parties in Arkansas and before the end of the party filing period. While the Court in its decision of July 15, 2016, did not emphasize or mention that new political parties had to conduct their nominating convention approximately a

4

year before the 2016 general election, the court did emphasize the deadline for the new party nominating convention of before the end of the party nominating period and 113 days before the preferential primary elections of the Republican and Democratic parties. The Court's ruling of the unconstitutionality of the Arkansas election laws as to newly recognized political parties and the timing requirements for their nominating convention well before the preferential primary elections of the Republican and Democratic parties will be enforceable and change the relationship between new political parties and the State of Arkansas so as to provide guidance to the Legislature in correcting the laws in question so that they apply equally and fairly to new and established political parties.

Since, Plaintiffs should be considered prevailing parties under the applicable law, Plaintiffs would further call the Court's attention to the following facts which are of significance: (1) that the instant case involved the Plaintiffs' fundamental rights of political association and speech as guaranteed by the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983; (2) that the case at bar affected individuals other than the Plaintiffs such that the Court's decision resulted in benefits not only to the individual Libertarian voters and the Libertarian Party of Arkansas, but also to the voters of Arkansas and future new political parties in Arkansas; (3) that the case at bar affected the State of Arkansas, its citizens, and other potential minor parties and their supporters by granting a judgment which frames the problem presented for new political parties for elections in Arkansas—so as to give guidance to the Arkansas Legislature as to an existing problem which should be addressed by future Legislative amendment of Arkansas' election law; (4) that the Libertarian Party is viewed in a controversial light by

some individuals and organizations; (5) that Plaintiffs' counsel, James C. Linger, has previously been counsel in other cases involving ballot access and related election laws in several other states and therefore had an advantage as opposed to a counsel who had no prior experience in the constitutional area in question; (6) Plaintiffs' counsel, with the exception of a $3,000.00 attorney fees and cost retainer, had in effect a contingency fee arrangement with his client based on 42 U.S.C. §1988; (7) the hourly rate charged by Mr. Linger is compatible with the hourly rate customarily charged by Counsel in the Little Rock area; (8) Plaintiffs were able to enter into a number of stipulations with the Defendants which reduced time spent on the case and simplified presentation of the issues to the Trial Court, and (9) Plaintiffs' counsel James C. Linger did most of the work on the instant case and was assisted by a Fort Smith counsel (W. Whitfield Hyman) so as to have the bulk of the work done by a single attorney.

WHEREFORE, Plaintiffs respectfully request the relief prayed for in their Motion to Set Amount of Reasonable Attorney's Fees.

/s/ James C. Linger
James C. Linger, OBA No. 5441
1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

W. Whitfield Hyman, AB No. 2013-237
King Law Group
300 North 6th Street
Fort Smith, Arkansas 72901
Telephone (479) 782-1125
Facsimile (479) 316-2252
william.hyman@gmail.com
*Counsel for Plaintiff*

6

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via the Court's CM/ECF e-mail notification system on the 29th day of July, 2016.

/s/ James C. Linger
James C. Linger