FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 10 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF ARKANSAS, KRISTIN VAUGHN, ROBERT CHRIS HAYES, DEBRAH STANDIFORD, and MICHAEL PAKKO | PLAINTIFFS |
| VS. | NO. 4:15-CV-635-JM |
| HONORABLE MARK MARTIN in his official capacity as Arkansas Secretary of State | DEFENDANT |

### MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S OBJECTIONS AND RESPONSE TO PLAINTIFFS' BILL OF COSTS

The Court should sustain Defendant Secretary's Objections to Plaintiffs' Bill of Costs. Plaintiffs are not the prevailing parties where they failed to obtain the relief they sought, as-applied relief concerning four named potential candidates. Plaintiffs have additionally submitted costs for which they are not entitled to be reimbursed. Without waiving the foregoing, Plaintiffs are not entitled to costs given the limited value of the Court's July 15 Order, the closeness of the case, and the difficulty of the issues decided. Fed. R. Civ. P. 54.

*Plaintiffs are not prevailing parties*

Just "because a party can be said to have 'prevailed' on a claim does not necessarily make him a 'prevailing party' as the term is used in Rule 54.… The plain language of Rule 54

1

unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular…. Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party….' A Court must choose one, and only one, 'prevailing party' to receive any costs award." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (award of costs where no party prevailed on every claim); *Aviva Sports, Inc. v. Fingerhut Direct Mktg.*, 2014 U.S.Dist.Lexis 22762, at *14 (D. Minn. 2014). The Court's July 15 Order does not unambiguously make Plaintiffs "prevailing parties" under Fed. R. Civ. P. 54. Defendant need not obtain a favorable judgment on the merits in order to be the "prevailing party." *See, CRST Van Expedited v. EEOC*, 136 S.Ct. 1642, 1651 (2016) (vacating contrary Eighth Circuit decision).

Pursuant to Federal Rule of Civil Procedure 54, an award costs to a prevailing party is discretionary. Fed. R. Civ. P. 54(d); *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992). Costs must be set out in 28 U.S.C. § 1920 or other statutory authorization. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987) (superseded by statute on other grounds).

Title 28 U.S.C. § 1920 provides that a Judge or Clerk of any Court of the United States may tax as costs, *in favor of the prevailing party,* the following: (1) Fees of the Clerk and Marshal; (2) Fees of the Court Reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers; and (5) Docket fees under section § 1923 of this Title.

In this matter, Defendant Secretary has twice prevailed upon the Court to deny Plaintiffs the relief they sought, that is, "as-applied" relief, granting them immediate access to the November 2016 General Election ballot. While denying Plaintiffs' *as-applied* relief on the facts before the Court, the Court found that the burden imposed by the early filing deadline was only a minor burden, which numerous Libertarian Party candidates successfully met in both 2014 and 2016. In other words, no harm was done to any of the parties before the Court, on the facts proved at trial. Consequently, Plaintiffs cannot be said to be the "prevailing party." *Shum, id.*; *see Cherry v. Champion Int'l*, 186 F.3d 442, 446 (4th Cir. 1999) (limited value of victory, closeness, difficulty of issue decided, are additional factors to justify denying an award of costs).

Moreover, the Court should postpone any decision on costs until all timely-filed post-trial motions are decided.

<u>The majority of courts hold that pro hac vice fees are not recoverable</u>

Counsel for Plaintiffs have requested to recover costs for Plaintiffs' Counsel's *pro hac vice* filing fee. Courts within the First, Second, Third, Fourth and Fifth Federal Circuit Courts of Appeals hold that *pro hac vice* fees are not taxable under 28 U.S.C. § 1920. See e.g. *Interfood, Inc. v. Select Veal Feeds, Inc.*, 2014 WL 690566, at *2 (D. Mass. Feb. 19, 2014); *Document Sec. Systems, Inc. v. Coupons.com, Inc.*, 2015 WL 1189551, at *2 (W.D. N.Y. Mar. 16 2015); *Sheffer*

*v. Experian Info. Solutions, Inc.*, 290 F.Supp.2d 538, 552 (E.D. Pa. 2003) (3d Cir); *Moss v. Spartanburg County School Dist.*, 2011 WL 1870280, at *1 (D.S.C. May 17, 2011) (4th Cir); *Lofton v. McNeil Consumer & Specialty Pharm.*, 2011 WL 206165, at *1 (N.D. Tex. Jan. 4, 2011) (5th Cir). Likewise, the Ninth and Eleventh Circuits have expressly held that *pro hac vice* fees are not taxable. *Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, 741 F.3d 955, 958 (9th Cir. 2013); *Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998) (aff'd on other grounds, 529 U.S. 494 (2000)).

A significant number of these Courts all cite to a previous decision within the Eighth Circuit which provides that *pro hac vice* fees are not recoverable because [s]uch fees are an expense of counsel for the privilege of practicing law ... [and] are not normally charged to a fee-paying client. *Romero v. United States*, 865 F.Supp. 585, 594 (E.D. Mo. 1994) (citations omitted).

Defendant Secretary concedes that the Eighth Circuit currently holds that *pro hac vice* fees are recoverable as fees of the Clerk under 28 U.S.C. § 1920. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). The Eighth Circuit is one of only two Circuit Courts of Appeal to allow the recovery of *pro hac vice* filing fees. *See Kalitta*, 741 F.3d 955, 958 (Eighth Circuit and Seventh Circuit "without clear explanation of their reasons for allowing *pro hac vice* filing fees as taxable costs."). Two Circuit Courts of Appeal explicitly prohibit an award of costs for *pro hac vice* filing fees. *Kalitta; and Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998), aff'd on other grounds, 529 U.S. 494 (2000) (holding without analysis that district court did not abuse its discretion by denying taxation of *pro hac vice* fees).

Plaintiffs' requests for *pro hac vice* filing fees should be denied, accordingly.

*Transcript fees for Depositions are only recoverable when the Deposition is necessary for use at trial. The Deposition taken by Defendant's Counsel was only requested for investigative purposes, and was neither proffered nor admitted at the preliminary injunction hearing, nor at trial.*

Defendant's taking of Michael Pakko's initial deposition was investigative. None of the parties sought its admission as an exhibit at the preliminary injunction hearing, nor at trial. Consequently, the transcript fee for Michael Pakko's deposition as outlined in Plaintiffs' Bill of Costs should not be awarded pursuant to 28 U.S.C. § 1920. *See Smith v. Tenet Health Systems SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). If a deposition is investigative, it will not be taxed as a cost. *See Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995). It is undisputed that none of the parties sought admission of either of Pakko's depositions at either hearing. The printing costs are not therefore taxable. Fed. R. Civ. P. 54(d).

**WHEREFORE**, premises considered, Defendant Secretary prays that the Court grant Defendant the relief he seeks herein: that the Court sustain Defendant Secretary's Objections to the Bill of Costs; that the Court deny Plaintiffs' request to recover costs; that the Court postpone any decision on costs until all timely-filed post-trial motions are decided; that each of the parties bear their own fees, costs, and expenses; and that the Court grant Defendant Secretary such additional relief to which he may be entitled to under the circumstances.

Respectfully submitted, this 10th day of August, 2016.

HONORABLE MARK MARTIN
ARKANSAS SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
AB No. 92078
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
kellylawfedecf@aol.com


By: _____
Andrés F. Rhodes
Associate General Counsel
Arkansas Secretary of State
AB No. 2016036
NJB No. 155732015
500 Woodlane St., Ste 256
Little Rock, AR  72201
(501) 682-3401
Fax: (501) 682-1213

*Attorneys for Defendant*
*Arkansas Secretary of State*

6

## CERTIFICATE OF SERVICE

I do hereby certify that on this 10th day of August, 2016, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF).

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810
Fax: (918) 583-8283

W. Whitfield Hyman
300 North 6th Street
Fort Smith, AR 72901
Fax: (479) 316-2252

_____
Andrés F. Rhodes