FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 12 2016

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

LIBERTARIAN PARTY OF ARKANSAS,                    PLAINTIFFS
KRISTIN VAUGHN, ROBERT CHRIS HAYES,
DEBRAH STANDIFORD, and MICHAEL PAKKO

VS.                          NO. 4:15-CV-635-JM

HONORABLE MARK MARTIN
in his official capacity as
Arkansas Secretary of State                       DEFENDANT

**DEFENDANT'S BRIEF IN SUPPORT TO HIS OBJECTIONS
AND RESPONSE TO PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES**

**COMES NOW**, Defendant, Honorable Mark Martin, ("Defendant Secretary"), in his official capacity as Arkansas Secretary of State, for his Brief in Support of his Objections and Response to Plaintiffs' Request for Attorney's Fees, and respectfully requests this Court deem Plaintiffs' attorney's fees unrecoverable.

1. *The Libertarian Party of Arkansas as well as the other named Plaintiffs are not the prevailing parties in this case.*

    "In any action or proceeding to enforce a provision of sections . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Congress intended to permit the award of counsel fees only when a party has prevailed on the merits. *Hanrahan v. Hampton*, 446 U.S. 754,

1

758 (1980) (per curiam). Therefore, in order to qualify for attorney's fees under 42 U.S.C. § 1988, a plaintiff must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Plaintiffs are 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation that achieves some of the benefit the parties sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir. 1978) (abrogated on other grounds)). Plaintiffs have not done so on the "as applied" relief they sought.

A technical victory may be so insignificant ... as to be insufficient to support prevailing party status. *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989). In that case, the District Court declared a regulation requiring that the local school principal approval non-school hour meetings prior to the meeting unconstitutionally vague. *Farrar*, 506 U.S. at 113. The Supreme Court suggested that this finding alone would not sustain prevailing party status if there were no evidence that the plaintiffs were ever refused permission to use school premises during non-school hours. *Farrar*, 506 U.S. at 113 (quoting *Garland*, 489 U.S. at 792). Despite winning a declaratory judgment, the Plaintiffs in *Garland* could not alter the defendant school board's behavior toward them for their benefit. *Farrar*, 506 U.S. at 113.

Additionally, the Eighth Circuit has previously stated "a judicial pronouncement that the defendant has violated the Constitution, without more, does not make the Plaintiff a prevailing party." *Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833, 838 (8th Cir. 2008) (quoting *Peter v. Jax*, 187 F.3d 829, 837 (8th Cir. 1999) (internal quotations omitted)). In *Advantage*, the Plaintiff did not show that the ordinance was unconstitutional as applied to it, and the issuance of a preliminary injunction by the Court thus had no impact on the relationship

2

between Advantage and the city. 511 F.3d at 838 (citing *Farrar*, 506 U.S. at 113-114 (something more than a technical victory is required to confer prevailing party status)). This case is no different.

The Plaintiffs in this case did not prove the law unconstitutional as applied to them on the facts presented. The Court's Order holding part of Act 1356 of 2013 unconstitutional without any evidentiary showing that Defendant Secretary ever applied the specific provision at issue to any of the named Plaintiffs is insufficient to award fees as shown in *Grant* and *Advantage* (no evidentiary showing of as applied harm coupled with a pronouncement of unconstitutionality does not make Plaintiff a prevailing party). Accordingly, the grant of declaratory relief in this case is nothing more than a limited technical victory. In fact, the declaratory relief granted by the Court may actually hurt Plaintiffs moving forward. Plaintiffs' own undisputed testimony states that the Libertarian Party of Arkansas intends for people who did not get the nomination for a contested position to run for another office, thereby fulfilling "an important part of our mission [which] is to simply put [additional] Libertarians on the ballot so people are aware of us and we can grow into the future from there." Exhibit A (excerpts from February 19, 2016, Hearing Transcript, at 22, 54-55). The Court, by Declaring Act 1356 unconstitutional, actually prevents these unsuccessful nominees from running for another office.

Ultimately, Plaintiffs must still file at the party filing period just as all other partisan candidates must. More importantly, Plaintiffs were denied the injunctive relief they sought and are still unable to place four Libertarian Candidates on the 2016 General Election ballot. Plaintiffs offer no evidence that Defendant applied the unconstitutional provision to them. Lastly, as a result

of the declaratory relief granted by the Court, unsuccessful Libertarian Party nominees who did not get the nomination for a contested position cannot run for another office in future Nominating Conventions. Accordingly, all these outcomes harm Plaintiffs by preventing them from fulfilling important parts of their mission. As a result, Plaintiffs are not prevailing parties under 48 U.S.C. § 1988 and are not entitled to an award of attorney's fees. See *Farrar*, 506 U.S. 113; See also *Hensley*, 461 U.S. at 433 (1983).

2. *If this Court determines Plaintiffs are the prevailing party, Defendant Secretary respectfully asks the Court use the Lodestar Standard in determining attorney's fees and reduce the fee award accordingly.*

Under the "American Rule," each party ordinarily bears its own attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). 42 U.S.C. § 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs." Unfortunately, the statute does not explain what Congress meant by a "reasonable" fee, and the task of identifying an appropriate methodology for determining a "reasonable" fee was left for the courts. *Perdue*, 559 U.S. at 551. Accordingly, the decision to award attorney's fees under 42 U.S.C. § 1988 "rests with the broad discretion of the District Court." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1159 (8th Cir. 2014) (quoting *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 329 (8th Cir. 1999)).

The *Lodestar* standard, as pioneered by the Third Circuit in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (1973) (appeal after remand 540 F.2d 102 (1976)), achieved dominance in the federal courts after the [Supreme Court]

4

decision in *Hensley. Perdue*, 559 U.S. at 551 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002)). The *Lodestar* calculation is "objective," and thus provides a basis for the exercise of the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results. *Perdue*, 559 U.S. at 552 (citing *Hensley*, 461 U.S. at 433 (1983)).

District Courts calculate the lodestar by multiplying the number of hours reasonably expended by reasonable hourly rates. *Snider*, 752 F.3d at 1159 (citing *Farmer's Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir. 2009)). District Courts then adjust attorney's fees upward or downward based on the "degree of success obtained" by Plaintiff, which is the most critical factor in determining the fee award. *Phelps-Roper v. Koster*, 815 F.3d 393, 398 (8th Cir. 2016) (citing *Hensley*, 461 U.S. at 436).

> a. *Reasonable attorney's fees should be reduced to account for Plaintiffs' partial success at trial.*

The District Court may grant a partial fee award to reflect Plaintiffs' partial success. *Koster*, 815 F.3d at 398 (citing *Wal–Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772 (8th Cir. 2000)). The most critical factor is the degree of success obtained. *Hensley*, 461 U.S. at 436. The Eighth Circuit rejected calculating fee awards based simply on the number of claims in which a plaintiff prevailed. *Koster*, 815 F.3d at 398 (where arithmetically simplistic fee awards do not contemplate overall degree of success). The Eighth Circuit affirmed a District Court's determination that billing for travel during trial amounted to excessive hours and that denial of bill for travel did not amount to abuse of discretion. *Fires v. Heber Springs School Dist.*, 565 Fed.Appx. 573, 576 (8th Cir. 2014).

In this case, Plaintiffs' sought injunctive relief from the Court in the hopes of adding four Libertarian Party candidates on the ballot past the filing deadline. Injunctive relief was the focus of the litigation and the remedy specifically requested by the Plaintiff. This Court denied Plaintiffs' request for injunctive relief. "Where the plaintiff[s] ha[ve] failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). The relief granted to the Plaintiffs victory in this case amounts to a minor aspect of the case compared with the time spent seeking injunctive relief. Thus, the relief obtained by the Plaintiffs amounts to only a partial victory, if at all; accordingly, the amount of attorney's fees should be reduced. *Hensley*, 461 U.S. at 440.

> b. *Counsel's Hourly Fees should be reduced to reasonable community rates for both Out of State Counsel and Local Counsel.*

A reasonable hourly rate is usually the ordinary rate for similar work in the community where the parties litigate the case. *Little Rock Sch. Dist. v. Arkansas*, 674 F.3d 990, 995 (8th Cir. 2012). When determining reasonable hourly rates, District Courts may rely on their own experience and knowledge of prevailing market rates. *Trickey v. Kaman Indus. Technologies Corp.*, 705 F.3d 788, 807 (8th Cir. 2013) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). In 2014, the Eighth Circuit upheld a District Court's decision to accept the proposed $250 rate as reasonable. *Fires*, 565 Fed.Appx. at 576. Defendant Secretary acknowledges that in a case where the [Plaintiff's] do not use local counsel, the District Court is not limited to the local hourly rate, if the [Plaintiff's] has shown that, in spite of his diligent good faith efforts, he was unable to find

6

local counsel able and willing to take the case. *Snider*, 752 F.3d at 1159-1160 (citing *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)). The [Plaintiff's] in this case are unable to argue that the ordinary rate in the community is not the rate that applies. Plaintiff secured co-counsel from within the State of Arkansas itself, demonstrating their ability to retain local counsel. Plaintiffs were not required to seek out of state counsel. As a result, while the Court may look to ordinary rates outside the community where the parties litigated the case, it need not do so in the case at bar.

Out of State Counsel, through his affidavit (Plaintiffs' Exhibit 3 to their Motion to set Amount of Reasonable Attorney's Fees, pg 4), "agreed to represent [Plaintiffs] on [this lawsuit after Plaintiffs had provided] $3,000.00 as a retainer for attorney fees and costs, with a contract that would reimburse [Plaintiffs] the $3,000.00 if [they were to succeed and recover] attorney fees and costs pursuant to 42 U.S.C. § 1988, but would not charge them further for any attorney fees, costs, or expenses if [Plaintiffs] were unsuccessful in the case." Furthermore, Out of State Counsel admits that "it is [his] practice to require significant legal retainers only on those civil rights cases which [he] feels are either long shots or where the clients are financially well off. (Plaintiffs' Exhibit 3 to their Motion to set Amount of Reasonable Attorney's Fees, pg 4). While we can argue on whether a $3,000.00 retainer is "significant," opposing counsel nonetheless acquired a retainer, as he normally would for cases he normally considers "long shots." Ultimately however, if Counsel truly believed this case to be a "long shot" then his expectation as to fees would be exactly $3,000.00. Consequently, Defendant Secretary respectfully asks the Court to weigh Counsel's previous fee agreement when applying lodestar calculations.

7

> *c. Local Counsel's Time Sheets seem to include duplicative fees. Local Counsel's attorney's fee award should be reduced accordingly.*

The Court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used. *A.J. ex rel. L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995)). In *Newberry v. Burlington Basket Company*, 622 F.3d 979, 984 (8th Cir. 2010), the Court specifically addressed the issue of duplicative fees, finding that Newberry's two attorneys performed "some work that overlapped the other" and listed "several duplicate items" in their fee statements. On that basis, the court reduced Newberry's requested fee award by $13,465 to account for the duplication it identified. Newberry, 622 F.3d at 984. The Eighth Circuit previously found that a second trial attorney's billings were not duplicative of first trial attorney's billings because the second trial attorney was an active participant at trial, and the Court determined that the award of fees for the work of the second attorney was not an abuse of discretion. *Delph v. Dr. Pepper Bottling Co. of Paragould, Inc.*, 130 F.3d 349, 359 (8th Cir. 1997). On the contrary, in this matter, second counsel did not participate in the trials or hearings at all.

While Plaintiffs may hire more than one counsel, in this case Out of State Counsel performed virtually all or at least most of the work at trial, and filed all documents in the case for Plaintiffs, while Local Counsel's logs are limited to reading correspondence, his travel and attendance in court, and conducting the second deposition. Doc. 54-2 P. 2-9. Accordingly, because "some work overlapped the other" and listed "duplicate items" such as travel, attending

8

hearings, reading emails, Defendant Secretary respectfully requests the Court reduce the requested fee award to account for the duplication.

> d. *Travel Expenses are not taxable costs and are to be included in an applicable Attorney Fee award if reasonably billed to client. Consequently, just as the rest of their attorney's fees, they should be reduced to reflect Plaintiffs' limited success at trial.*

Several Courts hold that travel expenses are not recoverable as costs. See e.g., *Sun Media Systems, Inc. v. KDSM*, 587 F.Supp.2d 1059, 1064 (S.D. Iowa 2008); *Bly v. Banbury Books*, Inc., 638 F.Supp. 983 1986 (E.D. Pennsylvania 1986); *Stevens v. Zenith Distributing Corp. of Kansas*, 1984 WL 21983 at *7 (WD Missouri july 1984). In a mediation case, it was reasonable for two attorneys at most to attend the mediation and be awarded fees and travel expenses. *Williams v. ConAgra Poultry Co.*, 113 Fed.Appx. 725, 728 (8th Cir. 2004).

The Eighth Circuit noted that "travel expenses for attorneys and many other out-of-pocket expenses . . . are properly characterized as part of an attorney's fees award, which may include expenses that a law firm normally would bill to its client." *Williams,* 113 Fed.Appx. at 728( citing *Pinkham*, 84 F.3d at 294-295 (per curiam)). The circumstances render an award of fees for travel expenses unjust under the circumstances. *See Hensley*, 461 U.S. at 430. In this case, Plaintiffs were not required to hire out of state counsel, nor did they need to. It would be unjust for the Court to order Defendant Secretary to pay travel costs to Plaintiffs when travel costs could have been avoided and would have been calculated as part of the attorney's hourly fee (as demonstrated by Local Counsel's Time Sheets).

9

Additionally, because travel expenses are not costs and grouped into attorney's fees, the award of travel expenses should be reduced due to the Plaintiffs limited success at trial as part of the *lodestar* calculation. *See Koster*, 815 F.3d at 398 (citing Hensley, 461 U.S. at 436) (where plaintiffs receive limited success, the Court may reduce an award of attorney's fees).

Defendant Secretary respectfully asks the Court to withhold any decision concerning attorney's fees until all timely filed post-trial motions are resolved.

**WHEREFORE**, premises considered, Defendant Secretary prays that the Court grant the relief he seeks herein: that the Court deny Plaintiffs' request to recover costs, fees, or expenses; that each of the parties bear their own fees, costs, and expenses; in the alternative, Defendant Secretary asks the Court to reduce substantially the fee petitions given the limited success shown by Plaintiffs; that the Court withhold any decision concerning attorney's fees until all timely filed post-trial motions are resolved; and that the Court grant Defendant Secretary such additional relief to which he may be entitled to under the circumstances.

Respectfully submitted, this 12th day of August, 2016.

        HONORABLE MARK MARTIN
        ARKANSAS SECRETARY OF STATE
        In his Official Capacity, Defendant

        By: _____
        A.J. Kelly
        General Counsel and

Deputy Secretary of State
AB No. 92078
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
kellylawfedecf@aol.com

*Attorney for Defendant*
*Arkansas Secretary of State*

By: /s/ Andrés F. Rhodes
Andrés F. Rhodes
Associate General Counsel
Arkansas Secretary of State
AB No. 2016036
NJB No. 155732015
500 Woodlane St., Ste 256
Little Rock, AR  72201
(501) 682-3401
Fax: (501) 682-1213

*Attorney for Defendant*
*Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 12th day of August, 2016, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF) to the following:

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810
Fax: (918) 583-8283

W. Whitfield Hyman
300 North 6th Street
Fort Smith, AR 72901
Fax: (479) 316-2252

_____
Andrés F. Rhodes