FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 12 2016

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF ARKANSAS, KRISTIN VAUGHN, ROBERT CHRIS HAYES, DEBRAH STANDIFORD, and MICHAEL PAKKO | PLAINTIFFS |
| VS. | NO. 4:15-CV-635-JM |
| HONORABLE MARK MARTIN in his official capacity as Arkansas Secretary of State | DEFENDANT |

**DEFENDANT, HONORABLE MARK MARTIN'S
BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO ALTER OR AMEND FINDINGS AND CONCLUSIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(b);
MOTION TO ALTER OR AMEND JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e);
AND FOR RELIEF FROM JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

The Court should reconsider its July 15 Order and July 18 Judgment, and alter or amend it, by dismissing without prejudice Plaintiffs' claims for declaratory relief as to the purported timing of a new political party convention. Supreme Court precedent dictates dismissal without prejudice of this claim. The facial relief granted is inconsistent with the Court's factual findings and conclusions concerning the "as-applied" relief denied. The facial relief granted is contrary to Plaintiffs' admissions that Plaintiffs benefitted – and intended to benefit – from the timing of their

new political party convention prior to the party filing period. Plaintiffs lacked standing to challenge the timing of a new political party convention on the facts as submitted, and consequently the Court lacked subject matter jurisdiction concerning the convention timing. The statute at issue is ambiguous, does not clearly state that a new political party convention must be held before the political party filing period, and was not interpreted or applied by Defendant Secretary as to these Plaintiffs on the facts presented. Dismissal without prejudice is both appropriate and required by applicable precedent. Fed. R. Civ. P. 12(h)(3); Fed. R. Civ. P. 52(b); Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)(5) and (6).

On a party's motion, the Court may amend its findings – or make additional findings – and may amend the judgment accordingly. Fed. R. Civ. P. 52(b). The Court may grant relief on all or some of the issues, to any party, after a nonjury trial, for any reason which a rehearing has heretofore been granted in suit in equity in federal court, Fed. R. C. P. 59(a)(1), or open the judgment, amend findings of fact and conclusions of law, or make new ones, and direct entry of a new judgment. Fed. R. Civ. P. 59(a)(2). The Court may relieve a party from a final judgment or order when applying it prospectively is no longer equitable or for any other reason that justifies relief. Fed. R. Civ. P. 60(b). *See, generally, Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 433 (1996); *Oserneck v. Earnst & Whinney,* 489 U.S. 169, 175 (1989); *Zinkand v. Brown,* 478 F.3d 634, 637 (4th Cir. 2007) (Rule 59, in essence, "gives the district court a chance to correct its own mistake if it believes one has been made.").

Defendant Secretary seeks to clarify issues of law and fact that impact the conclusions made by the Court. Consequently, Defendant Secretary contends that Plaintiffs lack the requisite

standing to be entitled to the facial relief – declaratory relief – as set forth in the Court's July 15 Order and July 18 Judgment.

Arkansas Code Annotated § 7-7-205(c)(3), as amended by Act 1356 of 2013, moved the day candidates "nominated by convention" are to file their political practices pledge from "~~no later than noon of the date of the preferential primary election~~" to "<u>during the party filing period</u>."[1] See Defendant's Exhibit 1, SOS03167. This Court found that Plaintiffs (and 3 non-party candidates) failed to prove that this statutory change was the cause of their failure to qualify for access to the ballot as Libertarian Party Candidates in the 2016 election cycle. July 15 Order at 5, 7. Moreover, undisputed proof showed that the Libertarian Party of Arkansas held a nominating convention on October 24, 2015, for the 2016 General Election, and also successfully held a timely nominating convention prior to the filing period in 2014. As the Chairman of the Party, Mr. Pakko put it (paraphrasing cross-examination testimony at trial in the absence of a transcript): "Yes, I said in

---

[1] There is no provision in Arkansas Code with a specific statutory requirement for the timing of a new political party nominating convention and Plaintiffs cite to none. Plaintiffs have construed the use of past tense ("nominated") to require the holding of a new political party convention prior to the party filing period; although there is no proof to this effect. The provision at issue is arguably ambiguous, and, since Plaintiffs failed to challenge this provision with Defendant Secretary at any time, Defendant Secretary has not interpreted this provision of Arkansas law. Moreover, because Plaintiffs failed to show the Court that application of the *filing period* as applied to Plaintiffs, was unconstitutional, Plaintiffs are not entitled to prove that application of the timing of their Nominating Convention is unconstitutional, *since it would not make any difference in this case. Storer v. Brown*, 415 U.S. 724, 736-37 (1974). Defendant Secretary does not concede any of these legal bases for relief, but notes that, solely for the purposes of this Motion, Defendant Secretary will assume, without conceding, that there is a basis to interpret Act 1356 as requiring a Nominating Convention for new political parties prior to the expiration of the party filing period, although Defendant Secretary was not at any time requested or required to make such an interpretation of the law prior to the filing of this lawsuit.

my deposition that the 2014 nominating convention had been the most successful nominating convention in the history of the Libertarian Party of Arkansas, which it had been, to that point."

The Supreme Court has addressed ballot issues in a similar context: having found that a limitation on independent candidates in California was constitutional, properly barring plaintiffs from the ballot, the Court stated:

> Having reached this result, there is no need to examine the constitutionality of the other provisions of the Election Code as they operate singly or in combination as applied to these candidates. Even if these statutes were wholly or partly unconstitutional, Storer and Frommhagen were still properly barred from having their names placed on the 1972 ballot. Although *Williams v. Rhodes* [citation omitted] spoke in terms of assessing the "totality" of the election laws as they affected constitutional rights, **if a candidate is absolutely and validly barred from the ballot by one provision of the laws, he cannot challenge other provisions as applied to other candidates.**
> . . .

*Storer v. Brown*, 415 U.S. 724, 736-37 (1974) (emphasis added). This Court's findings and conclusions concerning injunctive relief preclude Plaintiffs from obtaining declaratory relief as to a section of the election code that did not operate to bar their candidacies in the 2016 general election.

The Court specifically found that none of the named Plaintiffs showed a causal connection between a specific candidate's failure to file during the party filing period in November of 2015 and the relevant statutes at issue, thereby correctly denying injunctive relief. Plaintiff Libertarian Party of Arkansas held a nominating convention on October 24, 2015 and authorized the only remaining named candidate-Plaintiff (Standiford) to file during the party filing period,

Defendant's Exhibit 8b, along with more than twenty-two other candidates (as shown in testimony).

Contrary to these factual findings, the Court subsequently concluded that the statutory requirement to "have a [nominating] convention prior to the party filing period" was unconstitutional on its face, although Plaintiffs made no showing of any harm resulting from Defendant Secretary's application of this statute to any named Plaintiff. The Court's conclusion concerning the timing of the nominating convention is also contrary to the admitted testimony of Plaintiff Michael Pakko, Chairman of Plaintiff Libertarian Party, where Pakko said that the Libertarian Party of Arkansas benefitted from its application. Mr. Pakko said the following: ". . . . [A]n important part of our mission is to simply put Libertarians on the ballot so people are aware of us and we can grow into the future from there." February 19 hearing transcript at 22 (T. 22). Later, on cross examination, the following colloquy took place:

> **Q (Kelly):** Did any of the people who did not get the nomination for a contested position subsequently run for another office or ask for the nomination for another office?
> **A (Pakko):** Yes. As a matter of fact, we intend for that to happen. Often there is interest in some of the higher profile offices. I believe we had two candidates for a couple of congressional districts and after those candidates did not receive a nomination for the office they sought, we did try to talk them into standing for other offices, state Representative, state Senate, things like that.
> **Q (Kelly):** Any names of people who actually did run for another nomination and win in the 17 [candidates who actually filed for office]?
> **A (Pakko):** On the list of 17? I would have to look at that. I believe Glen Schwarz, who is our candidate, I think he entered nomination for a couple of offices before he was named for that one.

T. 54-55.

In other words, Plaintiff Libertarian Party was able to have *more candidates* on the November 2016 ballot, thereby fulfilling its "mission" so that it could "grow from there" as a result of the early nominating convention. Plaintiffs cannot be heard to complain about the timing of their new party convention *sometime in the future*, after the same political party received a very specific benefit from that statute for the 2016 general election. Libertarian Party of Arkansas is estopped from complaining that a statutory "sore loser" prohibition did not apply to them in 2016 when it benefitted from the exception. *Shakey's Inc., v. Caple*, 855 F. Supp. 1035, 1043 (E.D. Ark. 1994) (estoppel prevents party from prevailing on purely technical grounds after having acted in an inconsistent manner). It is undisputed that the statutory "sore loser" prohibition in Arkansas law applies to candidates *after the party filing period*, and so would have precluded Libertarian Party from having candidates file for down-ballot offices after losing a contested convention; and further that moving the new political party convention to sometime after the party filing period would have precisely that effect.

Moreover, Plaintiffs failed to prove standing for the declaratory relief as to the timing of the new political party convention, that is, separate standing for declaratory relief that was not requested in its pretrial brief, nor in Plaintiffs' closing argument. Plaintiffs were not entitled to this relief where they lacked standing *as to this specific relief*. *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000) (Plaintiffs "must demonstrate standing separately for each form of relief sought."); *Lewis v. Casey*, 518 U.S. 343, 358, n. 6 (1996) ("[S]tanding is not dispensed in gross.").

Plaintiffs failed to put on any proof that any Libertarian candidates, whether or not named

as Plaintiffs, had tendered political practices pledges for filing during the party filing period, which political practices pledges had been rejected by Defendant Secretary as lacking a nominating certificate from the Libertarian Party of Arkansas. In other words, Plaintiffs failed to present proof at trial which showed or purported to show that there was any harm caused by this Defendant, in the application of Act 1356 of 2013 (Ark. Code Ann. § 7-7-205(c)(3) (as amended)), to any Plaintiff, or to any potential candidate associated with any named Plaintiff. Absent such proof, Plaintiffs lacked standing to ask for prospective declaratory relief as to other candidates or parties in the future, where Plaintiffs specifically limited themselves, and their lawsuit, to relief "as applied" to them. Moreover, in their Pretrial Brief and closing argument, Plaintiffs did not ask for this type of facial, prospective, declaratory relief.

To satisfy Article III standing, "a plaintiff must establish that he or she has suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'; that there is 'a causal connection between the injury and the conduct complained of'; and that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Constitution Party v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing is a question of subject-matter jurisdiction. *Id.* "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted) (jurisdiction upheld); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the

court shall dismiss the action."); Fed. R. Civ. P. 12(h)(3).

On the facts as presented at trial, Plaintiffs failed to show that they had an actual injury in fact (failure to make the general election ballot as Libertarian Party of Arkansas candidates), both concrete and particularized, that had a causal connection between the purported injury and the conduct of Defendant Secretary, in any candidate failing to obtain a place on the 2016 General Election ballot. As the Court has found, Plaintiffs did not meet these requirements as to the declaratory relief concerning the timing of the Libertarian Party of Arkansas nominating convention.

Moreover, given the facts before the Court, Plaintiffs did not show that the Court's declaratory Order would redress the injury – purported partial denial of ballot access in 2016 – of which Plaintiffs claimed. In other words, Plaintiffs utterly failed to show at trial that facial, prospective, declaratory relief as to the constitutionality of the timing of their nominating convention, would remedy the harm that allegedly arose from the Secretary's application of the law to them in 2016.

For Plaintiffs to have standing as to the issue of the constitutionality of the timing of their nominating convention, there must be some action "fairly traceable" to Defendant Secretary; there is no such proof on the record before this Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Moreover, Plaintiffs must establish standing for each type of remedy sought, including declaratory relief. *Friends of Earth Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). At Trial, Vaughn and Hayes abandoned their cases. Three non-parties (and the Libertarian Party of Arkansas and Dr. Pakko) failed to show that the non-parties were denied access to the

general election ballot as a result of Defendant Secretary's application of the nominating convention deadline, as applied to them on the facts of the case at trial.

Standiford's facts are less amendable to redress, as she has suffered absolutely no harm at all as a result of any actions of Defendant Secretary. Although she is a named Plaintiff in the case *sub judice,* she successfully and timely filed to run for Office for the 2014 General Election as a Second Congressional District candidate after being nominated under the very same provision that she now argues is too burdensome (Ark. Code Ann. § 7-7-205(c)(3)). *See* Defendant's Exhibit 11b, SOS03204 (Political Practices Pledge for Standiford for 2014). For the 2016 General Election, the Court correctly found that Standiford chose not to file during the party filing period due to personal reasons, not because she lacked a nomination from the nominating convention. To the contrary, the Libertarian Party authorized its Executive Committee to nominate Standiford at any time, should she desire to run. Defendant's Exhibit 8b, LP Ark. 00181. Standiford has not suffered any harm from any "nominating convention" law.

When this Court erroneously declared Act 1356 of 2013 unconstitutional, it granted purely prospective facial relief. *See U.S. v. Salerno,* 481 U.S. 739, 745 (1987). "A claim seems facial when it is not limited to [Plaintiffs'] particular case, but challenges application of the law more broadly." *Iowa Right to Life v. Tooker,* 717 F.3d 576, 588 (8th Cir. 2013) (citing *Doe v. Reed,* 561 U.S. 186, 194 (2010)). Consequently, Plaintiffs' constitutional challenge reaches beyond Plaintiffs' circumstances, then Plaintiffs must satisfy the "standards for a facial challenge to the extent of that reach." *Green Party of Tenn. v. Hargett,* 791 F.3d 684 (6th Cir. 2015) (citing to *Doe v. Reed,* 561 U.S. 186, 194 (2010)); *Iowa Right to Life Committee, Inc., v. Tooker,* 717 F.3d 576

(8th Cir. 2013) (cf. *Doe v. Reed*, 561 U.S. 186, 193-195 (2010) (holding that the plaintiffs had to satisfy the "standards for a facial challenge" because "the relief that would follow" was "an injunction barring the Secretary of State from making [all] referendum petitions available to the public [,] ... reach[ing] beyond the particular circumstances of these plaintiffs" (internal quotation marks omitted))). Plaintiffs failed to meet their burden at trial.

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, [because] the challenger must establish that **no set of circumstances exist under which the Act would be valid.**" *United States v. Salerno*, 481 U.S. 739, 745 (emphasis added). Facial relief is not appropriate because Plaintiffs admitted multiple instances in which they successfully conducted their new political party convention and filed numerous candidates for office in both 2014 and 2016, under Ark. Code Ann. § 7-7-205(c)(3). Chris Hayes timely filed as a Libertarian candidate for the 2016 General Election. Debrah Standiford timely filed as a Libertarian candidate for the 2014 General Election. Seventeen (17) Libertarian nominees successfully filed in 2016, *see*, e.g., Defendant's Exhibit 8a, and nineteen (19) Libertarian nominees successfully filed in 2014, *see* Defendant's Exhibit 5, SOS03188-03192. All seventeen (17) 2016 Libertarian candidates and all nineteen (19) 2014 Libertarian candidates were nominated by convention pursuant to Ark. Code Ann. § 7-7-205(c)(2), and timely filed for office pursuant to Ark. Code Ann. § 7-7-205(c)(3) as amended by Act 1356 of 2013. Plaintiffs failed to show actual harm that would entitle it to prospective facial (declaratory) relief. To the contrary, *Salerno* dictates that Plaintiffs' successful holding of their nominating conventions in 2014 and 2015, and their multiple candidate filings in 2014 and 2015, preclude them from obtaining relief on their

facial challenge as to the timing of the new political party nominating convention. *Salerno*, 481 U.S. at 745.

Courts generally disfavor facial challenges. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008). Where the "claim and the relief that would follow" does not require this Court to consider the facial validity of the questioned law; the Court should consider the challenged law and apply the "normal rule that partial, rather than facial, invalidation is the required course" *Iowa Right to Life Comm., Inc. v. Tooker*, 717 F.3d 576, 588 (8th Cir. 2013) citing *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 502-504 (1985), upon a showing of actual, concrete harm, that is redressable by the Court considering the issue. The instant case does not meet the requirements of standing as to the facial validity of Ark. Code Ann. § 7-7-205(c)(3) as amended by Act 1356 of 2013.

A presumption of constitutionality attaches to state legislative enactments, and Plaintiffs face a heavy burden in seeking to challenge the constitutionality of [Arkansas Code] under this standard. *Fitz v. Dolyak*, 712 F.2d 330, 333 (8th Cir. 1983); (*See also Branson v. O.F. Mossberg & Sons, Inc.*, 221 F.3d 1064, 1065 n.4 (8th Cir. 2000). "State legislatures are presumed to have acted within their constitutional power, despite the fact that, in practice, their laws [may] result in some inequality. **A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.**" *McGowan v. Maryland*, 366 U.S. 420, 425-26 (1961). As shown above, Plaintiffs actually benefitted from having an early nominating convention in 2015, by allowing candidates to file for multiple positions, and run "down ballot" at their convention, before the party filing period. That is a sufficient basis upon which to dismiss Plaintiffs' claims for

declaratory relief from the new political party convention timing requirement, particularly where Plaintiffs benefitted by having additional candidates file under that precise provision in 2016, as they admitted in the February 19 hearing.

Moreover, Plaintiffs failed in their undisputed burden of proof. There is no evidence – and none was adduced at trial – to show that Defendant Secretary intends to interpret this law, Ark. Code Ann. § 7-7-205(c)(3) as amended by Act 1356 of 2013, as requiring the holding of a nominating convention prior to the party filing period, prospectively. As set forth above, it was Plaintiffs' burden to do so; they did not even proffer such evidence.

Defendant Secretary asks the Court to alter and amend its findings and conclusions accordingly, pursuant to Rules 52, 59, and 60 of the Federal Rules of Civil Procedure. Defendant asks the Court to vacate, set aside, and hold for naught its declaration that the use of the past tense ("nominated by convention") in Ark. Code Ann. § 7-7-205(c)(3) as amended by Act 1356 of 2013, makes every reading of that statute as requiring a new political party nominating convention prior to the party filing period unconstitutional on its face. What may, in fact, be a mere scrivener's error should not be the basis for declaratory relief under the facts as presented at trial.

**WHEREFORE,** premises considered, Defendant Secretary prays that the Court grant him the relief he seeks herein; that the Court alter and amend its findings and conclusions in the July 15 Order and July 18 Judgment pursuant to Federal Rule of Civil Procedure 52(b); that the Court alter and amend its July 15 Order and July 18 Judgment pursuant to Federal Rule of Civil Procedure 59; that the Court vacate, set aside, and hold for naught that part of its July 15 Order and July 18 Judgment awarding declaratory relief to Plaintiffs pursuant to Federal Rules of Civil

Procedure 52 and 59; that the Court vacate, set aside, and hold for naught that part of its July 15 Order and July 18 Judgment awarding declaratory relief to Plaintiffs pursuant to Federal Rule of Civil Procedure 60; that the Court dismiss without prejudice Plaintiffs' claims concerning the constitutionality of the timing of their new political party convention for lack of subject-matter jurisdiction; that each of the parties bear their own fees, costs, and expenses; that the Court grant Defendant Secretary such additional relief to which he may be entitled under the circumstances.

Dated this 12th day of August, 2016.

Respectfully submitted,

HONORABLE MARK MARTIN
ARKANSAS SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
AB No. 92078
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
kellylawfedecf@aol.com

By: _____
Andrés F. Rhodes
Associate General Counsel
Arkansas Secretary of State
AB No. 2016036
NJB No. 155732015
500 Woodlane St., Ste 256

Little Rock, AR 72201
(501) 682-3401
Fax: (501) 682-1213

*Attorneys for Defendant
Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 12th day of August, 2016, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF):

James C. Linger
1710 South Boston Avenue
Tulsa, OK 74119-4810
Fax: (918) 583-8283

W. Whitfield Hyman
300 North 6th Street
Fort Smith, AR 72901
Fax: (479) 316-2252

_____
Andrés F. Rhodes