IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| LIBERTARIAN PARTY OF ARKANSAS, | ) | |
| KRISTIN VAUGHN, ROBERT CHRIS | ) | |
| HAYES, DEBRAH STANDIFORD, and | ) | |
| MICHAEL PAKKO,          …..Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-635-JM |
| | ) | |
| MARK MARTIN, in his official capacity as | ) | |
| Secretary of State for the State of Arkansas, | ) | |
| …..Defendant.) | | |
| _____ | ) | |

PLAINTIFFS' RESPONSE AND MEMORANDUM BRIEF
IN OPPOSITION TO DEFENDANT'S OBJECTIONS
AND RESPONSE TO PLAINTIFFS' BILL OF COSTS

On July 27, 2016, pursuant to 28 U.S.C. § 1920, the Plaintiffs filed a verified Bill
of Costs and Supporting Memorandum Brief [Docs. Nos. 51 and 52] for their $400.00
filing fee, $100.00 *pro hac vice* filing fee for James C. Linger, $83.20 for their costs for
the deposition of Michael Pakko, and $127.80 for their costs for the transcript of the
motion hearing on February 19, 2016, which was used and admitted as a joint exhibit at
the non-jury trial on July 11, 2016.  On August 11, 2016, Defendant filed Objections and
Response to Plaintiffs' Bill of Costs and Supporting Memorandum Brief [Docs. Nos. 55
and 56].  Plaintiffs now file their Response and Memorandum Brief in Opposition to
Defendant's Objections and Response to Plaintiffs' Bill of Costs.

Plaintiffs are prevailing parties for purposes of the granting of a Bill of Costs.

The United States Supreme Court has noted that a plaintiff is a prevailing party where it
"has succeeded on 'any significant issue in litigation which achieve[d] some of the benefits the

parties sought in bringing suit.'"  *State Teachers Asn'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-792 (1989), citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978).  Also see, *Hensley v. Eckerhart*, 461 U.S. 424, at 433 (1983).  For a party to be considered a "prevailing party" under 42 U.S. Code, § 1988, there should be some form of judicial relief such as a declaratory judgment or injunctive relief or monetary damages.  *Hewitt v. Helms*, 482 U.S. 755, 759-760 (1987).  The U.S. Court of Appeals for the Eighth Circuit in the case of *Jacobson v. City of Coates*, 171 F.3d 1163 (8th Cir. 1999) reversed a trial Judge's denial of attorney fees requested pursuant to 42 U.S. Code, § 1988, where the Trial Court characterized appellant's victory as "technical and insignificant," thereby precluding prevailing party status.  In reversing the Trial Court, the Eighth Circuit noted that the Trial Court had determined that one of two challenged ordinances was unconstitutional, and, thus, the legal relationship between the parties was changed so that the Trial Court had erred in failing to award attorney fees.  A similar conclusion would apply to the granting of a Bill of Costs in the instant case.  Similarly, in considering a decision of another Circuit, the Sixth Circuit in *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001), held that a plaintiff was a prevailing party even though 12 of his 14 claims were dismissed.  In an earlier Sixth Circuit case, the Court ruled that "[a]ny enforceable judgment, or comparable type of relief, or settlement, . . . will generally make a plaintiff a 'prevailing party.'"  *Owner-Operator Indep. Driver's Assn., Inc. v. Vissell*, 210 F.3d 595, 597 (6th Cir. 2000).

The District Court, in its Order of July 15, 2016, [Doc. No. 49] declaring Arkansas' statutory scheme for ballot access for new political parties unconstitutional, stated in its Conclusions of Law on page 6, paragraphs 10, 11, and 12 that:

> The Secretary of State has not articulated any valid interest in requiring the Libertarian Party of Arkansas, *or any new political party*, *to nominate their candidates by a convention which must take place before the preferential primary*. Even though the Court finds the Libertarian Party of Arkansas' burden to be minor,

2

*there is no interest, regulatory or otherwise, to justify this restriction by the State.* Applying the balancing test of *Green Party of Ark. v. Martin*, **the Court finds the Arkansas statutory scheme concerning ballot access for new party state candidates to be unconstitutional.** [Emphasis added].

Therefore, the Court found that "the Arkansas statutory scheme for ballot access for new political parties is unconstitutional", not just for the Libertarian Party of Arkansas, and not just for the election cycle in 2016, but as a statutory scheme for ballot access for new political parties. Nowhere in its Order of July 15, 2016, did the District Court say that its decision applied only to the Libertarian Party of Arkansas or only to the 2016 election cycle. In further evaluating the Court's ruling, it is important to remember that the Plaintiffs in paragraph IV of their Complaint [Doc. No. 1] sought ". . . a judgment declaring Ark. Code Ann. §§ 7-7-101, 7-7-203(c)(1), 7-7-205(c)(2), and 7-7-205(c)(3), as applied to the Plaintiffs for the 2016 Arkansas General Election *and, in its previous and subsequent version which was in effect before the 2016 election cycle and will be in effect after December 31, 2016, for all subsequent general elections in the State of Arkansas* and the facts and circumstances relating thereto, unconstitutional in that it violates in its application to the Plaintiffs herein for the 2016 Arkansas General Election, *and all subsequent Arkansas General Elections*, the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983." [Emphasis added].

The foregoing request in Plaintiffs' Complaint for declaratory relief is exactly what the District Court did. In its Order of July 15, 2016, the District Court found that the Arkansas statutory scheme for ballot access for new political parties is unconstitutional. An as-applied challenge argues that a law is unconstitutional as enforced against the plaintiffs before the court. "[T]he distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). In fact, a claim can have characteristics of as-applied and facial challenges: it can

3

challenge more than just the plaintiff's particular case without seeking to strike the law in all its applications. *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010). While, Plaintiffs' request for injunctive relief was denied as to putting certain candidates on the general election ballot in 2016, this was done because the Court treated established political parties, new political parties, and their candidates—whether nominated by preferential primary or nominating convention— equally by having the political practices pledges due at the same time for all candidates during the party filing period, along with having the preferential primary or nominating convention to be at the same time as the preferential primary election, rather than requiring the nominating convention of a new political party in Arkansas to be conducted several months earlier than the preferential primary election for the established parties.

Thus, while Plaintiffs did not get their injunctive relief as to having their additional state candidates who were nominated at their second convention on February 27, 2016, placed on the ballot for 2016, for the reasons explained by the Court in its Conclusions of Law, paragraphs 13, 14, and 15 on pages 6 and 7 of its Order of July 15, 2016, Plaintiffs were successful in receiving a declaratory judgment which declared Arkansas's statutory scheme for ballot access for new political parties held unconstitutional. Said statutory scheme for ballot access for new political parties will still be unconstitutional because Ark. Code Ann. § 7-7-203(a) will move the general primary runoff election from the fourth Tuesday of March to the second Tuesday of June in 2018 and subsequent election years thereafter, and the preferential primary election will remain three weeks before the general primary runoff election, thus putting it in late May of an election year, and, under Ark. Code Ann. § 7-7-203(c)(1), the seven day political practices pledge and party filing period will be moved to start from the first Monday in November in the year before the general election to a start on March 1 of the election year. Thus, the Arkansas statutory scheme for ballot access for new political parties will still require the nominating convention to be

conducted several months before the preferential primary election, and will continue to be unconstitutional.  Such a finding of unconstitutionality is neither "technical" nor "insignificant," and changes the legal relationship between the parties.

<u>*Pro hac vice* fees are recoverable pursuant to holdings of the Eighth Circuit Court of Appeals</u>.

While Defendant asserts on page 4 of his Memorandum Brief [Doc. No. 56] that certain U.S. Courts of Appeals do not allow as costs the recovery of *pro hac vice* filing fees, he admits that "the Eighth Circuit currently holds that *pro hac vice* fees are recoverable as fees of the Clerk under 28 U.S.C. § 1920." *Craftsman Limousine, Inc. v. Ford Motor Co*., 579 F.3d 894, 898 (8th Cir. 2009).  While the U.S. Supreme Court may someday take up a case to settle the conflict between the Federal Circuits on this issue, at present, the District Court should follow the ruling of the Eighth Circuit in *Craftsman Limousine*.

<u>The transcription fees paid by Plaintiffs for the deposition of Michael Pakko are taxable as costs at the discretion of the District Court.</u>

"District Courts have substantial discretion in awarding costs under Rule 54(d)."  *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006), citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997).  In the *Smith* decision above, the Eighth Circuit found that the District Court had not abused its discretion by taxing costs for depositions not used at trial, except as to "delivery costs for these depositions."  *Smith, Id*.  "[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'"  *Id*., quoting *Slagenweit v. Slagenweit*, 63 F.3d 719, 720 (8th Cir. 1995) (*per curiam*).  It should be remembered that Dr. Michael Pakko, while testifying at the hearing on Plaintiffs' Motion for Preliminary Injunction, was the only live witness testifying for the Plaintiffs at the non-jury trial conducted on July 11, 2016.  For whatever reason Dr. Pakko's deposition was taken by Defendant, Plaintiffs were required to pay for a copy of the deposition to review Dr. Pakko's testimony, prepare for trial,

and make a decision as to the use of the transcript of the preliminary injunction hearing at the

non-jury trial conducted on July 11, 2016.  Therefore, whether to grant Plaintiffs' request as to

their costs of $83.20 for their copy of Dr. Pakko's deposition, which was taken by the Defendant,

should be decided at the discretion of the District Court pursuant to Fed. R. Civ. P. 54(d).

WHEREFORE, premises considered, Plaintiffs request the Court to grant their verified

Bill of Costs.

Respectfully submitted this 16th day of August, 2016.

> Libertarian Party of Arkansas,
> Kristin Vaughn, Robert Chris Hayes,
> Debrah Standiford, and Michael Pakko
>
> /s/ James C. Linger
> James C. Linger, OBA No. 5441
> 1710 South Boston Avenue
> Tulsa, OK 74119-4810
> (918) 585-2797 Telephone
> (918) 583-8283 Facsimile
> bostonbarristers@tulsacoxmail.com
>
> W. Whitfield Hyman, AB No. 2013-237
> King Law Group
> 300 North 6th Street
> Fort Smith, Arkansas 72901
> Telephone (479) 782-1125
> Facsimile (479) 316-2252
> william.hyman@gmail.com
> *Counsel for Plaintiffs*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all

counsel of record via the Court's CM/ECF e-mail notification system on the 16th day of

August, 2016.

> /s/ James C. Linger
> James C. Linger