IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LIBERTARIAN PARTY OF ARKANSAS,**
**KRISTIN VAUGHN, ROBERT CHRIS HAYES,**
**DEBORAH STANDIFORD, AND MICHAEL PAKKO**      PLAINTIFFS

V.                          4:15CV00635 JM

**MARK MARTIN, in his official capacity as**
Secretary of State for the State of Arkansas                DEFENDANT

**ORDER**

There are three motions pending in this case: Plaintiffs' Motion for Costs, Plaintiffs' Motion for Attorneys' Fees, and Defendant's Motion to Alter or Amend the Judgment. All motions have been fully briefed.

Defendant's Motion to Alter or Amend the Judgment is denied. The Court finds that Plaintiffs were the prevailing party in the case because they succeeded on a "significant issue", advanced their overall interests, and achieved some of the benefits sought in the complaint. Therefore, the Court finds that the costs of the case should be taxed to the Defendant as follows: the fees of the Clerk ($500), transcript of the motion hearing ($127.80), and a copy of the deposition transcript of Michael Pakko ($83.20) for a total of $711.00. *See* 28 U.S.C. § 1920

The billing records that accompany Plaintiffs' motion for attorneys' fees reflect total time of 94.2 hours spent on the case by Plaintiff's counsel, James C. Linger. Mr. Linger charged $300 per hour for the hours he spent working on the case and $250 per hour for his travel time. Local counsel W. Whitfield Hyman seeks $190 per hour for the 47.9 hours he spent on the case. Plaintiffs seek $217.38 in non-taxable costs and expenses for a certificate of good standing for Mr. Linger from the Northern District of Oklahoma ($18), a Fed-Ex delivery from Mr. Linger to Mr. Hyman ($23.80), lodging during the preliminary injunction hearing ($96.60), and lodging

during the trial ($79.70) for a total of $217.38.

Defendant objects to the Plaintiffs' fee request on numerous grounds, including whether Plaintiffs were prevailing parties, reduction of award based upon degree of success, excessive hourly fees charged, and duplicative fees for local counsel. Under Pursuant to 28 U.S.C. § 1920, the "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." In fee-shifting cases such as this one, the fee award is calculated based upon the "lodestar" determination- the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)):

(1) time and labor required;

(2) novelty and difficulty of the questions;

(3) skill requisite to perform the legal service properly;

(4) preclusion of other employment, due to acceptance of case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship with the client;

   (12) awards in similar cases.

*Hensley*, 461 U.S. at 434. In certain cases, the Court may further consider these twelve factors in determining whether to adjust the lodestar upward or downward to arrive at an appropriate fee. *Id.* Where the plaintiff has not been successful on all claims, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Concord Boat Corp. v. Brunswick Corp.*, 34 F.Supp. 2d 1125, 1129 (E.D. Ark. 1998).

  As stated above, the Court finds Plaintiffs substantially advanced their interests by succeeding on their constitutional claim. The constitutional issues involved were difficult. Few attorneys have the expertise in this area of the law or the willingness to take on such a case. Mr. Linger deducted a total of 43.1 hours from his work hours based upon the fact that Plaintiffs did not receive the injunctive relief requested in the complaint. For these reasons, the Court finds Mr. Linger's hourly fee and the number of hours billed to be reasonable.

  Mr. Linger also seeks to recover his costs for lodging during the preliminary injunction hearing and trial, a good standing certificate, and the cost for one Federal Express delivery. "[T]ravel expenses and other out-of-pocket expenses that a law firm normally would bill to its client are more properly characterized as part of an attorney fee award." *Jenkins v. Kansas City Missouri Sch. Dist.*, 525 F.3d 682 (8th Cir. 2008) (citing *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir.1996) (per curiam)). The costs requested by Plaintiffs are costs that a law firm would normally bill to their clients and the Court finds them to be reasonable.

  The Defendant argues that the hours billed by local counsel, Mr. Hyman, was duplicative of work done by Mr. Linger. Defendants contend that Mr. Linger "performed virtually all or at least most of the work at trial and filed all documents in the case for Plaintiff." The Court agrees.

Based upon this argument and the somewhat limited success of the Plaintiffs, the Court will deduct the hours billed by Mr. Hyman, except for his time travel time (4.8 hours) and the time spent at the Defendant's deposition of Michael Pakko (1.6 hours). Mr. Hyman's hourly rate of $190 is reasonable.

In conclusion, Defendant's Motion to Alter or Amend (ECF No. 59) is DENIED. Plaintiffs' Motion for Attorneys Fees (ECF No. 53) is GRANTED IN PART. Plaintiffs' Motion for Costs (ECF No. 51) is GRANTED. Plaintiffs are awarded $27,475.00 for Mr. Linger's fee, $1,216.00 for Mr. Hyman's fee, $217.38 for non-taxable costs, and $711.00 for costs pursuant to 28 U.S.C. § 1920, for a total of $29,619.38.

IT IS SO ORDERED this 12th day of September, 2016.

_____
James M. Moody Jr.
United States District Judge