# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3794
_____

Libertarian Party of Arkansas; Kristin Vaughn; Robert Chris Hayes; Debrah Standiford; Michael Pakko

*Plaintiffs - Appellees*

v.  (4:15-cv-00635-JM)

Mark Martin, in his official capacity as Secretary of State for the State of Arkansas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 20, 2017
Filed: November 30, 2017

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

  The Libertarian Party of Arkansas, Kristin Vaughn, Robert Chris Hayes, Debrah Standiford and Michael Pakko (collectively Libertarian Party) brought a declaratory judgment and injunctive relief action against the Arkansas Secretary of State, claiming that the ballot access statutory scheme violated the First and

Fourteenth Amendments. The scheme required new political parties to hold a nominating convention prior to the major parties' preferential primary election. The district court[1] granted declaratory relief, denied injunctive relief, denied the Secretary of State's motion to reconsider, and awarded costs and attorney's fees to the Libertarian Party. The Secretary of State appealed, and during the pendency of the appeal the Arkansas General Assembly amended its statute to allow new political parties to hold their nominating convention and submit their certificates of nomination at 12:00 p.m. on the day of the major parties' primary election. Concluding that the Libertarian Party's claim for declaratory relief has been rendered moot, we vacate the judgment and remand the case with directions that the complaint be dismissed. We affirm the award of costs and attorney's fees.

The Libertarian Party of Arkansas petitioned for recognition as a political party under Arkansas law in June 2015.[2] See Ark. Code Ann. § 7-7-205. Arkansas law requires new political parties to nominate their candidates for the first general election by convention rather than by primary election. See Ark. Code Ann. § 7-7-205(c)(2). Arkansas law also requires that a candidate nominated by convention "file a political practices pledge . . . during the party filing period." Ark. Code Ann. § 7-7-205(c)(3) (2013), amended by Ark. Code Ann. § 7-7-205(c)(3) (2017); Act 1356 of 2013.[3]

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

[2]The Libertarian Party had previously obtained party recognition for the 2012 and 2014 election cycles but failed to retain party status after the elections.

[3]The uniform party filing period for the 2016 general election ran for one week from 12:00 p.m., Monday, November 2, 2015, to 12:00 p.m. on Monday, November 9, 2015.

The Libertarian Party held its nominating convention on October 24, 2015, and successfully nominated twenty-two candidates for the 2016 general election. See Ark. Code Ann. § 7-7-205(c)(2). Some candidates, however, failed to pursue their candidacy. Thereafter, the Libertarian Party held a second convention on February 27, 2016, and attempted to file political practice pledges for four additional candidates, which the Arkansas Secretary of State declined to do because the filing deadline had passed. The Arkansas preferential primary election was held on March 1, 2016, and the general primary runoff election was held on March 22, 2016.

The Libertarian Party's complaint alleged that it should be allowed to select its nominees for partisan political office at the same time that the Republicans and Democrats conduct their preferential primary election. The complaint sought a declaratory judgment that Arkansas Code sections 7-7-101 and 7-7-205(c)(1)-(3) are unconstitutional and an injunction requiring that the names of the four candidates that were nominated during the Libertarian Party's February 2016 convention be printed on the Arkansas general election ballot. The complaint contended that because of the early date of the nominating convention, the Libertarian Party "in many cases, had little time to get to know [its] candidates who showed up at the nominating convention on October 24, 2015, let alone, have the time for extended discussion and review of developing political events in contrast to what is allowed for the Republican and Democratic Parties." Appellee's Br. 5.

Applying the Supreme Court's balancing test in Timmons v. Twin Cities Area New Party, 520 U.S. 351, 358 (1997), the district court concluded that "[e]ven though the Court finds the Libertarian Party of Arkansas' burden to be minor, there is no interest, regulatory or otherwise, to justify this restriction by the State." See also Green Party of Ark. v. Martin, 649 F.3d. 675 (8th Cir. 2011) (analyzing the constitutionality of a ballot access statute under the Timmons balancing test). The court granted declaratory relief and found the Arkansas statutory scheme unconstitutional. The court denied the request for injunctive relief, however,

concluding that one of the nominees had missed the filing deadline for personal reasons and that the remaining nominees had offered no evidence that they were unable to file by the required deadline.

The Libertarian Party thereafter sought an award of costs and attorney's fees pursuant to 42 U.S.C. § 1988. The Secretary of State objected, arguing, *inter alia*, that such an award was not justified because the Libertarian Party had not succeeded on all of its claims and therefore was not the prevailing party, as required by statute. See 42 U.S.C. § 1988. The Secretary of State also filed a motion to reconsider and alter or amend the judgment, which the district court denied. The district court found the Libertarian Party to be the prevailing party and awarded $29,619.38 in costs and attorney's fees. The Secretary of State then filed this appeal, arguing that the Libertarian Party lacked standing, that the statutory scheme was constitutional, and that the district court erred in awarding costs and attorney's fees and abused its discretion by denying the Secretary's motion to alter or amend the judgment.

After the appeals were briefed, the Arkansas General Assembly amended its statutory requirements by changing the certificate of nomination filing deadline for new political parties to 12:00 p.m. on the day of the preferential primary election. Act 297, 2017 Ark. Acts. 297 (Feb. 28, 2017), codified at Ark. Code Ann. § 7-7-205(c) (2017) (changing the filing deadline for certificates of nomination to "no later than 12:00 noon on the dates of the preferential primary election"). It also provided that a new party's nominating convention "shall be held no later than 12:00 noon on the date of the preferential primary election." Ark. Code Ann. § 7-7-205(c)(B)(i).

Mootness

Federal court jurisdiction is restricted to "cases" and "controversies." Flast v. Cohen, 392 U.S. 83, 94 (1968). This jurisdictional "requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Continental Bank

-4-

Corp., 494 U.S. 472, 477 (1990). We will dismiss a case as moot when "changed circumstances [have] already provide[d] the requested relief and eliminate[d] the need for court action." Teague v. Cooper, 720 F.3d 973, 976 (8th Cir. 2013) (quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 n.10 (1982) (internal quotation marks omitted)). "When a law has been amended or repealed, actions seeking declaratory or injunctive relief for earlier versions are generally moot unless the problems are capable of repetition yet evading review." Phelps-Roper v. City of Manchester, 697 F.3d 678, 687 (8th Cir. 2012) (en banc) (internal citation and alterations omitted).

The Libertarian Party argues that the amended statute remains problematic because an independent party will still be required to hold its nominating convention earlier than the primary election in order to comply with the 12:00 p.m. filing deadline, given that it will have to accommodate voter travel time and the time required to certify the nominations. Further, it contends that by requiring new political parties to hold a nominating convention before the preferential primary election, the statute gives Republicans and Democrats the advantage of learning the identities of the minority party candidates, thus allowing them to select their candidates accordingly. Finally, it argues that the previously existing requirements could be reenacted, resulting in a problem that might well again evade review.

With respect to the argument that the Arkansas General Assembly could amend the statute in the future to impose an unconstitutional deadline, we have recognized the well-established principle "that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Teague, 720 F.3d at 977 (quoting City of Mesquite, 455 U.S. at 289). We have also expressed our agreement with the Fourth Circuit's position "'that statutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.'" 720 F.3d at 977 (quoting Valero Terrestrial Corp. v Paige,

-5-

211 F.3d 112, 116 (4th Cir. 2000)). Exceptions to this position are rare and "'typically involve situations where it is virtually certain that the repealed law will be reenacted.'" Id. (quoting Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir. 1994)).

We see no indication that the Arkansas General Assembly intends to reenact an earlier filing or convention deadline. Following the district court's ruling, the 2017 Act was unanimously passed in the House of Representatives and by a vote of 23 to 2 in the Senate, actions that bespeak of legislative finality and not of for-the-moment, opportunistic tentativeness. See Teague, 720 F.3d at 978. Moreover, "as judges, we must assume that the General Assembly will properly perform its legislative duty by taking into account the diverse political views of its interested Arkansas constituents . . . in fashioning new laws that will then be subject to judicial review." Id. In light of these circumstances, we conclude that the voluntary-cessation exception to the mootness doctrine does not apply. See id. at 977.

Whatever the merits of the Libertarian Party's additional above-described challenges to the amended statute, we decline to address them in the first instance on appeal.

## Attorney's Fees

When a plaintiff garners success in a civil rights action, "the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Supreme Court has defined "prevailing party" as "one who has been awarded some relief by the court," which has created a "'material alteration of the legal relationship of the parties.'" Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health and Human Res., 532 U.S. 598, 603 (2001) (citing Hanrahan v. Hampton, 446 U.S. 754, 758 (1980) (per curiam) (stating that the legislative history of § 1988 indicates that "Congress intended to permit the interim

award of counsel fees only when the party has prevailed on at least some of [its] claims")); see also Farrar v. Hobby, 506 U.S. 103, 109 (1992) (holding that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issues in litigation which achieves some of the benefit the parties sought in suit" and that even an award of nominal damages satisfies the prevailing party test) (internal quotation omitted). When a case has been rendered moot, "a 'prevailing party' is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties *prior* to the intervening act of mootness." Diffenderfer v. Gomez-Colon, 587 F.3d 445, 453 (1st Cir. 2009) (citing Buckhannon, 552 U.S. at 605; Grano v. Barry, 783 F.2d 1104, 1108 (D.C. Cir. 1986)). To apply the prevailing party test in such a case, we "look[] only to what relief the district court granted and not to whether the case was rightly decided." Id. (citing Ctr. for Biological Diversity v. Mariana Point Dev. Co., 566 F.3d 794, 805-06 (9th Cir. 2009) (collecting cases)).

The Libertarian Party was the prevailing party in this case because the district court awarded it declaratory relief and deemed the statutory scheme unconstitutional. See Bishop v. Comm. on Prof'l Ethics & Conduct of the Iowa State Bar Ass'n, 686 F.2d 1278, 1290-91 (8th Cir. 1982) (holding that the plaintiff was the prevailing party under § 1988 because he had obtained declaratory and injunctive relief, even though his case was later rendered moot); see also Diffenderfer, 587 F.3d at 454 (concluding that plaintiffs were the prevailing party because the district court granted their requested injunction, even though the case was later rendered moot by legislative action). The Libertarian Party obtained a material alteration in its legal relationship with the Secretary of State, prior to the legislative action that rendered its lawsuit moot. It was not required to succeed on all of its claims to be deemed the prevailing party, and so the district court acted within its discretion in awarding the Libertarian Party costs and attorney's fees.

-7-

The district court's order dated July 15, 2016, and judgment dated July 18, 2016, are vacated, and the case is remanded with directions to dismiss the complaint as moot.  See United States v. Munsingwear, 340 U.S. 36, 39-40 (1950). The district court's September 12, 2016, order awarding costs and attorney's fees is affirmed.

_____

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

November 30, 2017

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 16-3794  Libertarian Party of Arkansas, et al v. Mark Martin

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was AJ Kelly, of Little Rock, AR. The following attorneys also appeared on the appellant brief; Andres Fernando Rhodes, of Little Rock, AR, and Michael Fincher, of Little Rock, AR.

Counsel who filed a brief and presented argument on behalf of the appellee was James Carter Linger, of Tulsa, OK.

The judge who heard the case in the district court was Honorable James M. Moody, Jr.. The judgment of the district court was entered on September 12, 2016.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

SRD

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):  4:15-cv-00635-JM

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

November 30, 2017

Mr. AJ Kelly
KELLY LAW FIRM
P.O. Box 251570
Little Rock, AR  72225-1570

RE:  16-3794  Libertarian Party of Arkansas, et al v. Mark Martin

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

SRD

Enclosure(s)

cc:	Mr. Michael Fincher
	Mr. James Carter Linger
	Mr. Jim McCormack
	Mr. Andres Fernando Rhodes

District Court/Agency Case Number(s):   4:15-cv-00635-JM



16-3794 Libertarian Party of Arkansas , et al v. Mark Martin "Signed Opinion Filed" (4:15-cv-00635-JM)
ca08ml_cmecf_Notify   to:                                   11/30/2017 08:19 AM

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 11/30/2017

| | |
|---|---|
| **Case Name:** | Libertarian Party of Arkansas, et al v. Mark Martin |
| **Case Number:** | 16-3794 |
| **Document(s):** | Document(s) |

**Docket Text:**
OPINION FILED - THE COURT: Roger L. Wollman, Michael J. Melloy and Raymond W. Gruender
AUTHORING JUDGE:Roger L. Wollman (PUBLISHED) [4605321] [16-3794] (Susan Duenow)

**Notice will be electronically mailed to:**

Mr. Michael Fincher: mi.fincher@yahoo.com
Mr. AJ Kelly: kellylawfedecf@aol.com
Mr. James Carter Linger: bostonbarristers@tulsacoxmail.com
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Andres Fernando Rhodes, Associate General Counsel: andres.rhodes.law@gmail.com
MO Lawyers Weekly: stephanie.maniscalco@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com


The following document(s) are associated with this transaction:
**Document Description:** opinion
**Original Filename:** 163794P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=11/30/2017] [FileNumber=4605321-0]
[bca4b03e722eb2864744f2c1ec279b7365575cea779d8aa6c3a6740b4e7d9c5abe93d805b5491c0

01fec20021df572a70c1ca23a3cd34f8d277b23f22977e686]]

**Document Description:** Letter To Publishing
**Original Filename:**
/opt/ACECF/live/forms/SusanDuenow_163794_4605321_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=11/30/2017] [FileNumber=4605321-1]
[025c30271bd18b1676de1d30a24c7db0b5ae4b147193634a5844f7e8a710efa6904e056ff1f806af
eeffd8a44f6c92608481aa4a4987d0c9e8868709b149db2f]]
**Recipients:**
- [MO Lawyers Weekly](#)
- [West Publishing](#)

**Document Description:** Counsel Opinion Letter
**Original Filename:**
/opt/ACECF/live/forms/SusanDuenow_163794_4605321_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=11/30/2017] [FileNumber=4605321-2]
[0f3095b64d86efa15174b014924b78281aecb0c645a104cb0d77b57fdec70640424672128f31375
553499e7e377778655749b0b00f21d695748cdbe1e4f68332]]
**Recipients:**
- [Mr. Michael Fincher](#)
- [Mr. AJ Kelly](#)
- [Mr. James Carter Linger](#)
- [Mr. Jim McCormack, Clerk of Court](#)
- [Mr. Andres Fernando Rhodes, Associate General Counsel](#)

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 4605321
**RELIEF(S) DOCKETED:**
   for publication
**DOCKET PART(S) ADDED:** 5939771, 5939772, 5939773